### Sam McKinney v. The State.

No. 2344.    Decided January 26, 1902.

**1.—Indictment—Defective Counts—General Verdict.**

Though an indictment may contain defective counts, yet where any count is good, and the verdict is a general one, the verdict may and will be applied to the good count.

**2.—Aggravated Assault—Punishment—"Month," What Is, as Used in Statute.**

On a trial for aggravated assault, where the verdict assessed the punishment, in part, at "thirty days" imprisonment in jail, and it was contended that the verdict was insufficient, because the statute fixes the minimum punishment at not less than "one month;" Held, the term "month," as used in the criminal statute, means a solar month of thirty days, and not a calendar or lunar month as in the civil statutes.

Appeal from the County Court of Collin. Tried below before Hon. J. H. Faulkner, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and thirty days imprisonment in the county jail.

No statement of facts or bill of exceptions in the record.

*Garnett, Smith & Merritt,* for appellant.—1. Under article 603 of the Penal Code, the punishment for an aggravated assault or battery is fixed at a fine of not less than twenty-five nor more than one thousand dollars, or imprisonment in the county jail for not less than one month nor more than two years, or by both such fine and imprisonment.

2. If the court assesses as part of the punishment imprisonment in the county jail, it must be not less than one month nor more than two years; and the word "month" means a calendar month. Campbell v. Lane, 25 Texas Supp., 96; Watkins v. Willis & Bro., 58 Texas, 523; 15 Am. and Eng. Enc. of Law, 716, and note 6; Sheets v. Selden's Lessee, 2 Wall. (179 to 191), L. Ed., Book 17, p. 826; Brudenell v. Vaux, 2 Dall., 302, L. Ed., Book 1, p. 390; Hosley v. Black, 28 N. Y., 444; Rev. Stats., art. 3270.

3. If the court could assess a fine at thirty days in jail, it could assess the fine at thirty minutes therein. Bostic v. State, 22 Texas Crim. App., 137; Veal v. State, 8 Texas Crim. App., 478.

4. The court has no power to change the penalty fixed by the Legislature, and where it is done the judgment is a nullity.

5. The error in the judgment with reference to the punishment is fundamental and the case will be reversed. Notwithstanding the error may have been in favor of the defendant, the conviction can not stand. Gardenhire v. State, 18 Texas Crim. App., 566; Howard v. State, 18 Texas Crim. App., 351; Niland v. State, 19 Texas Crim. App., 174; Bostic v. State, 22 Texas Crim. App., 136; Veal v. State, 8 Texas Crim. App., 477, 478; Williams v. State, 25 Texas Crim. App., 88; Bravo v. State, 20 Texas Crim. App., 189; Clanton v. State, 20 Texas Crim. App., 632.

*Abernathy & Beverly* and *Rob't A. John,* Assistant Attorney-General, for the State. See their brief adopted as the opinion of the court.

BROOKS, Judge.—Appellant was charged by indictment with an aggravated assault, upon trial was convicted, and his punishment assessed at a fine of $50 and thirty days confinement in the county jail.

The Assistant Attorney-General has filed a very able brief in this case and we adopt the same as the opinion of this court, to wit:

"The record is without statement of facts or bill of exceptions.

"The motion for new trial complains that the court erred in refusing to quash the first and second counts in the indictment. The State submits, there being no statement of facts, and no formal motion to quash having been made in limine, and the fourth count in the indictment being unquestionably good, the verdict may be applied to the fourth count. Where any count in the indictment is good and the verdict is general, the verdict may be applied to the count that is good. Isaacs v. State, 36 Texas Crim. Rep., 505.

"Appellant in his brief practically presents but one proposition; that is, that the punishment for aggravated assault being by fine not less than $25 nor more than $1000, or imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment, the judgment of the court assessing thirty days imprisonment in the county jail does not comply with the minimum punishment fixed by law. The authorities cited by appellant in his brief show conclusively that where the word 'month' is used in a civil statute, the meaning of the same is a calendar month. This is made so by a specific statute. See Rev. Stats., art. 3270. A month as used in the civil statute is a calendar month, and is determined arbitrary by the number of days that the calendar gives to each particular month; that is, thirty-one days for January; twenty-eight for February, except leap year, etc. In civil contracts, in estimating what is a calendar month, the authorities are almost unanimous in holding that it is to be counted from the particular

day when it begins to the corresponding day in the month in which. the time expires; that is, if it begins on the 5th of January, it would end on the 5th of February, although thirty-one days would elapse. If it begins on the 5th of February, it would end on the 5th of March, although but twenty-eight days have elapsed, leap year being excepted. Or if it begins on the 5th of February during leap year, it would end on the 5th of March, although twenty-nine days elapse. If it begins on the 5th of June, it would end on the 5th of July, although thirty days had elapsed. In estimating a calendar month on civil contracts, if the month in which the period ends has not the corresponding day of the month when the period began, the time expires with the end of the month; that is, if it began on the 31st day of January, there being no 31st day of February, it would end on the last day of February, either the 28th or 29th, according to whether or not it was leap year. McGin v. State, 30 L. R. A., 452, and authorities there cited.

"This can not apply to a criminal statute, for the following reasons: The punishment in fixing its minimum and maximum must be definite and inflexible. The word month, as used in the cases cited by appellant, originally under the common law meant a lunar month of twenty-eight days. 16 Am. and Eng. Enc. of Law, under 'Month;' Rapalje Law Dic., p. 835. Rapalje's Dictionary, defining what the calendar month means, states that they are of unequal length, according to the almanac or calendar; and of which twelve make a year. It will therefore be seen, if we say lunar month was meant by the Legislature, we would go against the persuasive statutory definition of what the word month means in the civil statute. We also contradict the doctrine of all American decisions. 16 Am. and Eng. Enc. of Law, supra.

"The State therefore contends that the word month means a period of days corresponding with what is known as the solar as distinguished from the lunar month; but insists that it means an exact number of days. Otherwise we would have the following anomalies:

"(1) Should A be prosecuted for an aggravated assault, and should the verdict be one month, instead of thirty days, as in the case at bar, but his trial occurred in January, he would be incarcerated for thirty-one days. If it occurred in February, he would have the good fortune of only having to serve twenty-eight days, unless it be leap year; and if he was so unlucky as to be tried during leap year, he would have to serve one more day than otherwise, if his trial were in February. Therefore, the day when he is tried would decide whether he stayed in jail thirty-one days, or thirty, twenty-nine, or twenty-eight days. Or it may be he was tried in a month of thirty-one days, and if he fails to appeal he would stay in jail thirty-one days; but should he give notice of appeal, and this court should decide his case in February, he would be the winner by three days, unless he should be so unfortunate as to have this court decide his case during a leap year.

"Again, one county, say Dallas, may hold her county court in which she tries the criminal docket in the months having only thirty-one days,

and the adjoining county may hold its county court in months having thirty days. If a man should be convicted in Dallas County, he would therefore, because of the accident of the time of the term of the court, have to serve one more day in Dallas County than he would in the adjoining county.

"(2) It is a well established rule that in calculating the calendar month or in calculating what a month is in law, that in a month ending on Sunday it is to be excluded. Therefore, if a man were tried on the 31st day of January and began on that day to serve his sentence of one month, and if February end upon Sunday, he would only have to serve twenty-seven days to complete the month, under the rule laid down in civil statutes; whereas, if he were tried December 31st, he would have to serve to the 31st of January, making four days more. In other words, the word month must be an inflexible period of a given number of days, consisting of a given number of hours and a given number of minutes and a given given number of seconds. The minimum punishment must be uniform at all times and in all places.

"The dictionaries say, and the custom is, that in the computation of interest a month is understood to be thirty days. Where a statute uses the words 'thirty days' in one place and one month in another, it has been held that the word 'month' and the words 'thirty days' were synonymous. See Heston v Railroad, 79 Am. Dec., 434.

"The State further submits that, as a matter of common knowledge, a solar month, where simply the word month is to be defined in the abstract, and not any particular month or number of months is referred to, it is generally understood and accepted that a month is a period of thirty days. To hold that the words 'one month' mean one calendar month, as fixed by the calendar, would work confusion, make the sentence indefinite, make the length of the portion of the imprisonment depend upon accident, and lead to a destruction of the statute. The purpose should be to so construe a statute as to give it life, and in doing so, by finding that the words 'one month,' mean thirty days, making thirty days synonymous to one month, will not only give life to the law, but will sustain the validity of the verdict and judgment in this case."

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]