## C. B. COMPTON V. THE STATE.

### No. 1823. Decided June 5, 1912.

**1.—Robbery—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions was to the overruling of the motion for new trial, which presented several distinct grounds, the motion for new trial and not the bill of exceptions will be reviewed.

**2.—Same—Indictment—Words and Phrases.**

Where, upon trial of robbery of two persons at the same time, the word "respectfully" instead of the word "respectively" was used in referring to the persons robbed, there was no error, the indictment being otherwise sufficient.

**3.—Same—Representation by Counsel—Bill of Exceptions.**

Where, upon appeal from a conviction of robbery, appellant complained that he was young and inexperienced and had been denied counsel, but the record showed that the court had offered to appoint counsel, etc., and defendant refused, there was no error; besides there was no bill of exceptions.

**4.—Same—Separate Offenses—Election by State.**

Where defendant was charged with committing robbery upon two persons at the same time, and the record showed on appeal that the robbery of both persons was one continued transaction, and in effect the same transaction, and no objection was made to the introduction of any of the testimony, and no motion was made to require the State to elect, and the verdict being general, there was no error; especially where the defendant received the lowest penalty.

**5.—Same—Verdict.**

Where the indictment charged the defendant with robbery of two persons at the same time, and the verdict of the jury found the defendant guilty and assessed his penalty at five years in the penitentiary, the verdict was sufficient.

**6.—Same—Charge of Court.**

Upon trial of robbery of two persons at the same time, the court correctly charged that the jury must find that the robbery was committed upon both persons but that the property taken was the property of each of them. Following Clark v. State, 28 Texas Crim. App., 189.

Appeal from the District Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

·The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question of sufficient certainty of verdict: McMillan v. State, 7 Texas

Crim. App., 100; Curry v. State, id., 91; Parks, 29 id., 597; Bryant v. State, 54 Texas Crim. Rep., 67; Branch Crim. Law, section 840.

PRENDERGAST, JUDGE.—Appellant was convicted of robbery and given the lowest penalty, five years in the penitentiary.

The charging part of the indictment is as follows: "That C. B. Compton, in said county and State, on or about the 7th day of October, in the year of our Lord, nineteen hundred and eleven, and before the presentment of this indictment, did then and there, unlawfully and wilfully make an assault upon the person of Rufus Riley, and Bob Jamison, and did then and there by said assault and by said violence to the said Rufus Riley and the said Bob Jamison, and by putting the said Rufus Riley and the said Bob Jamison, in fear of life and bodily injury, did then and there fraudulently take from the person and possession and without the consent, and against the will of each of them, the said Rufus Riley and the said Bob Jamison, the property so taken from the said Rufus Riley as hereinbefore stated, being as follows, to wit, one silver dollar of the value of one dollar, two pocket knives, of the value of one dollar each, and one coat, of the value of ten dollars, the property so taken as hereinbefore stated from the said Bob Jamison being as follows, to wit, silver coin of the value of one dollar and fifty cents, said property as hereinbefore described then and there being the corporeal personal property of the said Rufus Riley and the said Bob Jamison respectfully and as hereinbefore alleged, with the fraudulent intent then and there of him, the said C. B. Compton, to deprive the said Rufus Riley and the said Bob Jamison, respectfully, and as hereinbefore alleged, of the value of said property and to appropriate the same to the use and benefit of him, the said C. B. Compton."

Appellant made no motion in the court below to quash the indictment on any ground. All the questions he raises are raised by motion for new trial. There is no bill of exceptions other than a bill to the overruling of his motion for new trial. The motion for new trial presents several separate and distinct grounds therefor. Under such circumstances we can not treat it as a bill of exceptions, but must review the questions as raised by the motion for new trial. Appellant was not represented by an attorney until after his conviction.

In the latter part of the indictment it is perfectly apparently that where it charges, being the property "of the said Rufus Riley and the said Bob Jamison *respectfully*," and then later "to deprive the said Rufus Riley and the said Bob Jamison *respectfully*" that the word *"respectively"* was clearly meant and intended. No one could be misled by this. To take the indictment as a whole it, with reasonable certainty, shows and charges, that the one silver dollar, two pocket-knives and the coat, was the property of and taken from Riley and that the silver coin of the value of one dollar and fifty cents was the property and taken from the said Jamison. It did not charge,

and could not reasonably be understood to charge, that all of this property was the joint property of these two persons.

The indictment follows in substance and in effect the form laid down by Judge White in his Annotated Code Criminal Procedure, and is in compliance and in accordance with our statute. The allegation that appellant took from Jamison "silver coin of the value of one dollar and fifty cents," is a sufficient description. Sims v. State, 64 Texas Crim. Rep., 435, 142 S. W. Rep., 572, and authorities therein cited.

In the fifth ground of the motion for new trial appellant sets up that he was only twenty-six years old, unused to the trial of cases, or the procedure of the courts and when arrested was confined in jail continuously since then until this trial; that he was poor and had no money to employ counsel and had no friends to do so; that he was tried on Thanksgiving Day and the trial rushed through in a half day and that the jury was out only fifteen or twenty minutes, and such like matters. This matter, not being presented by bill of exceptions, is not subject to review. Even if it was, the court in allowing the bill of exceptions to the overruling of the motion for new trial as to this particular matter, qualified it as follows:

"I had the defendant brought before me several days prior to the calling of the criminal docket, and offered to appoint an attorney to represent him. Defendant informed me that he did not desire to have an attorney appointed, as he proposed to represent himself, to which I consented. I then talked to him about his witnesses, and he informed me that he had only one witness; I had the clerk issue a subpoena for this witness, and the witness was present at the trial. The defendant did defend himself at the trial, examining the witnesses in such manner as to apparently develop the facts and making a speech to the jury in his own behalf. He impressed me as a man of intelligence, otherwise I would have insisted on furnishing him counsel. The jury received the charge at about the time set out in the motion, and returned their verdict in fifteen or twenty minutes." In no event was appellant entitled to a new trial on this ground.

One of appellant's grounds in his motion for new trial is that if the proof shows any offense at all it shows two separate and distinct offenses, to wit, the robbery of Riley and the robbery of Jamison, and claims it was error to permit the State to show two separate and distinct offenses occurring at different times, that is, two robberies, one upon Riley and the other upon Jamison, and says, that if this testimony was admissible at all, the State ought to have been compelled to elect which offense it relied upon for conviction and the verdict should show which offense the jury found the defendant guilty of.

Without detailing the evidence, it clearly and satisfactorily shows that the two parties charged to have been robbed—Riley and Jamison—left Austin for Calvert, Texas, traveling together as companions. That

when they got to Taylor they, together, got off the train on one side and together walked around the train to the other side and that while there, the appellant came up to them, claiming he was an officer and first arrested Riley, without stating what for and refusing to tell him, although demanded by Riley, and that starting off with him he asked Riley how much money he had and then proceeded to run his hands into Riley's pockets and took therefrom a dollar and fifty cents in money, two pocketknives and then demanded that he should take off his coat and give it to him. Upon Riley refusing to do this, he forcibly took the coat off of him, put it on himself and wore it. That Jamison was present when all this occurred and as soon as appellant got through with Riley he then at once proceeded to take Jamison and asked him how much money he had. Jamison did not tell him and appellant walked up to him, only a few steps away, and proceeded to run his hand in Jamison's pocket and then Jamison delivered to him a dollar and fifty cents, all the money he had, and when he proceeded to take the property from each of them, he said, in effect, if they resisted he had something in his pocket to enforce what he said and put his hand back to his hip pocket; that all this was done without their consent and that they were afraid of him; that he kept them under his control marching them about from place to place for nearly two hours; that at last they managed to slip away from him, hunted up a policeman and informed the policeman of what had been done to them by appellant. The policeman thereupon hunted up appellant, they pointing him out to him and found that he had on said Riley's coat and also found on his person the money taken from each of these parties and afterwards arrested appellant and put him in jail; that he afterwards gave back the coat and property to Riley and Jamison.

Appellant denied the robbery of either of the parties but claimed that he bought the coat from Riley and paid him one dollar and fifty cents therefor.

We think the evidence substantially shows that the robbery of both persons was one continued transaction and in effect the same transaction.

The effect of the court's charge is that the jury were required to believe that the appellant robbed both of said persons of the respective property described in the indictment before they could convict him, and he properly submitted the appellant's defense that if the property was procured from either said Riley or Jamison with their consent, or if they had a reasonable doubt of it, to acquit him.

Even if the evidence should be construed as establishing two separate and distinct robberies, it was clearly sufficient to establish each and both. No objection whatever was made to the introduction of any of the evidence. Neither was there any motion or other attempt made by the appellant to require the State to elect, and no complaint in any way until after the verdict was found and judgment rendered. The verdict was general, as follows: "We, the jury, find the defend-

ant, C. B. Compton, guilty and assess the penalty at five years in the State penitentiary. The judgment merely adjudged defendant "guilty of robbery." The penalty fixed was the lowest provided by law. Under the circumstances, in no event does the appellant show that he was entitled to a new trial. See Clark v. State, 28 Texas Crim. App., 189; Southern v. State, 34 Texas Crim. Rep., 144; Shuman v. State, 34 Texas Crim. Rep., 69; Fry v. State, 36 Texas Crim. Rep., 582; Moore v. State, 33 Texas Crim. Rep., 166; English v. State, 29 Texas Crim. App., 174; McMurtry v. State, 38 Texas Crim. Rep., 524.

The verdict was clearly sufficient and could not be misunderstood. Section 907, p. 597, White's Ann. Code Criminal Procedure.

The charge of the court wherein he required the jury to find that the robbery was committed upon both persons but the property taken was the property of each of them, naming it and the respective party charged to have been robbed, was correct under the circumstances of this case. Clark v. State, 28 Texas Crim. App., 189.

There being no reversible error, the judgment is affirmed.

*Affirmed.*