## COY WINTERS V. THE STATE.

No. 21000. Delivered April 10, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*Earl Shelton* and *Dempsey W. Nash,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of unlawfully causing and contributing to the delinquency of a female child; penalty assessed at confinement in the county jail for ninety days.

The complaint and information are sufficient to charge the offense. The record is before us without a statement of facts or bills of exception. All matters for procedure appear regular.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant in his motion for rehearing has raised a question as to the sufficiency of the jury's verdict which reads as follows:

"We, the Jury, find the Defendant Coy
Winters Guilty, Ninety days in jail (90).
                              "Roy C. Fritts
                              "Foreman of the Jury."

In the case of Moneyhun v. State, 136 S. W. (2d) 219 the following verdict was held to be insufficient:

"No. 10311. Guilty, 90 days in jail
                              "Geo. T. Moore, Foreman."

It is stated in this opinion, however, that if the intention of the jury can be arrived at by fair interpretation of the written findings and from such findings, then such interpretation thereof should be given. In the Moneyhun case the verdict did not say, "We find" the defendant guilty. It only says, "Guilty". It is there held that the court would have to supply too much to the verdict in determining that they meant to find him guilty.

In the case before us we think it is different. The jury stated that they, the jury, found the defendant guilty. As a part of this verdict it says, "90 days in jail." It does not require any

speculation to understand what the jury meant by this statement. The verdict is sufficiently intelligible to be definitely understood and will support the judgment of conviction.

It is further presented in the motion for rehearing that the complaint and information are fatally and fundamentally defective because no offense under Article 534 of the Penal Code is alleged. The reason assigned is that the information and complaint fail to state that Coy Winters was a parent, guardian, person having custody of or person responsible for the child involved. We think the statute is sufficiently broad and does cover any person who contributes to the delinquency of the child described, whether the parent, guardian or a person responsible for the child or not. Anyone whose act and conduct is such as to "in any manner cause, encourage, act in conjunction with or contribute to delinquency" is included in the statute. Delinquency is defined in Article 534 of the Penal Code and, without doubt, includes the things charged in the information in this case.

The motion for rehearing is overruled.