## J. D. LURIE V. STATE

No. 27,851. January 18, 1956.

Appellant's Motion for Rehearing Denied
No. 27,851. January 18, 1956.

*Chas. A. Keilin* (on motion for rehearing only), Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for aggravated assault upon a female; the punishment, a fine of $500.00 and 30 days in jail.

Appellant was the operator of an apartment rental company in the city of Houston. According to the state's evidence, the offense was committed on an occasion when he was showing one of his apartments to Mrs. E. W. Reeves, the injured female. Mrs. Reeves testified that while they were in the apartment the appellant grabbed her around the shoulders with both of his arms, kissed her over the face, put his hands up under her skirt on her sexual parts and inside her blouse on her breast; that

she tried to get away and after the attack her shoulders were bruised and a button had been torn off of her blouse.

As a witness in his own behalf, appellant denied having committed the assault and offered witnesses, who were his tenants and occupied other apartments in the building, who testified that on the occasion when he and Mrs. Reeves were in the apartment they heard nothing unusual and observed nothing unusual about the appearance of Mrs. Reeves as she left the premises with the appellant.

The jury resolved the disputed issue against the appellant, and we find the evidence sufficient to support their verdict.

Appllant contends that the complaint upon which the information is based is invalid because it was signed by a secretary who was employed in the district attorney's office and for such reason she was not a credible person. This contention is overruled under the opinion in Catchings v. State, No. 27,775, delivered by this court on November 16, 1955, (page 342, this volume) in which we held the same secretary to be a credible person and authorized to make a valid complaint under facts similar to those presented in the instant case.

Appellant insists that the verdict of the jury is insufficient to support the judgment because it did not find him guilty of the offense of aggravated assault and that the jail term of thirty days fixed therein is not the penalty prescribed by Article 1148, V. A. P. C., which provides for a fine and also imprisonment in jail for not less than one (1) month or more than two (2) years.

The verdict of the jury reads:

"We, the jury, find the defendant guilty and assess his punishment at a fine of $500.00 and a jail sentence of 30 days."

A fair interpretation of the verdict under the court's charge, which submitted only the one issue of appellant's guilt of aggravated assault, shows the jury's intention to find him guilty of this offense. Similar wording in verdicts have been held sufficient to support the judgment. Compton v. State, 67 Tex. Cr. R. 50, 148 S. W. 580; Winters v. State, 139 Tex. Cr. R. 328, 139 S. W. (2d) 789.

The fact that the jury, in assessing appellant's punishment in jail, designated 30 days instead of one month does not vitiate the verdict. The term "month," as used in Article 1148, supra, in prescribing the penalty for aggravated assault, has been held to mean a solar month or thirty days and not a calendar or lunar month. See McKinney v. State, 43 Tex. Cr. R. 387, 66 S. W. 769; and Yeary v. State, 66 S. W. 1106.

The court did not err in overruling the motion for new trial on the ground of newly discovered evidence as the record shows that such new evidence would have only tended to impeach the testimony of the state's witness, E. W. Reeves, that he was not in the city of Houston on the day his wife was negotiating with appellant to rent the apartment.

The judgment is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant asserts, with much earnestness, that this judgment should not be affirmed upon the uncorroborated and unsupported testimony of the prosecutrix.

He insists that the fondling of prosecutrix' person and sexual parts was such as to require her to make prompt outcry and report thereof, and that her failure to do so requires that her testimony be supported. Branch's P. C., Sec. 1784.

The rule appears to be that in rape cases wherein the prosecutrix fails to make outcry, when human experience dictates that she do so, the conviction is not substantiated upon the unsupported testimony of the prosecutrix.

Appellant insists that such rule should be applied here, because the indecent fondling of the person and privates of the prosecutrix, to which she testified, was such as to require prompt outcry on her part, which she failed to make.

If the state's case, here, rested solely upon an application of the rule stated, a serious question might be presented. But, in addition to the indecent fondling, prosecutrix testified to an assault by the exercise of force and violence on the part of the

appellant in which her shoulder was bruised and a button torn from her blouse.

It must be remembered that any assault by a male upon the person of a female is and becomes an aggravated assault. The unlawful violence used and the bruises inflicted by appellant were such as to authorize a jury to conclude that an assault had been committed.

It is apparent, therefore, that this conviction does not rest, alone, upon the testimony showing indecent fondling, but is sustainable upon the evidence showing an assault by violence by the appellant upon the prosecutrix.

The judgment of conviction is sustained by that testimony.

Appellant's motion for rehearing is overruled.