Leroy BELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 40053.

Court of Criminal Appeals of Texas.

Feb. 1, 1967.

Rehearing Denied March 15, 1967.

T. M. Reid, Abilene, for appellant.

Richard M. Price, Dist. Atty., Abilene, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Rape by threats is the offense; the punishment, thirty years.

Trial was had and notice of appeal was given after January 1, 1966.

The facts will be stated briefly, in view of appellant's challenge of the sufficiency of the evidence to support the conviction.

The state's testimony shows that the prosecutrix lived with her husband and three young children in the city of Abilene. On the night in question, her husband left home around midnight and was to return later. Between one and one-thirty, the prosecutrix was awakened by a man in bed with her who she first thought was her husband. She soon discovered that the man was not her husband but was the appellant, whom she positively identified at the trial. She stated that she then tried to holler but was too scared and when she tried to run, appellant stopped her at the foot of the bed and told her if she hollered he would choke her tongue "out." Appellant then pushed her down on the bed and told her to pull off her clothes. When she did not, appellant pulled them off. He then proceeded to put his male organ in her female organ and rape her without her consent. She stated that at such time she was scared of appellant and thought he would carry out his threat to choke her. In answer to the inquiry as to why she did not scream, the prosecutrix testified:

"A * * * He told me if I screamed or hollered he was going to choke me. So, I imagine that was any type of scream he would have choked me. I care a little bit more about my life than that."

While the prosecutrix was being assaulted, one of her children started crying and she asked appellant to let her up so she could give the babies a bottle. She then got up and fed the babies and just "stalled" for

time, waiting for her husband to return. In some fifteen minutes the husband returned to the house and appellant ran out through a bathroom window. When the husband came in the house the prosecutrix told him what had happened, and the husband tried to stop appellant but without success. Later that day when the prosecutrix returned home from work in the afternoon, she related to the police what had happened to her on the night in question.

Appellant did not testify but offered the testimony of witnesses in an effort to show that he was not present in the home of the prosecutrix on the occasion in question.

In his charge, the court submitted to the jury the issue of appellant's guilt of rape by threats, as charged in the indictment.

Four grounds of error are urged by appellant in his brief filed in the trial court.

■ It is first contended that the testimony of the prosecutrix, when considered as a whole and in the light of human experience, will not support a conviction for rape by threats. In support of such contention, appellant points to the fact that another person, a preacher, was asleep in the house during the time of the assault and that the prosecutrix did not make outcry or call to him for help. Reliance is had upon the rule referred to in Lurie v. State, 162 Tex.Cr.R. 604, 288 S.W.2d 505, that in rape cases where the prosecutrix fails to make outcry, when human experience dictates that she do so, the conviction is not substantiated upon the unsupported testimony of the prosecutrix.

We find the evidence sufficient to sustain the conviction.

The prosecutrix, in her testimony, explains that because of fear she made no outcry while appellant was present in the home and ravishing her. Further, the evidence shows that she did make outcry to her husband immediately upon his return to the home.

Appellant's second and third grounds of error relate to the court's charge. Complaint is made to the court's refusal to give appellant's requested charge defining "threats."

In his charge, the court defined the term, "threat," in the language of Art. 1185, Vernon's Ann.P.C. The court's definition of the term was correct, and we perceive no error in refusing appellant's requested definition. 4 Branch's Ann.P.C.2d, Sec. 1957; Gage v. State, 159 Tex.Cr.R. 336, 263 S.W.2d 553.

■ Complaint is also made to the court's refusal to submit to the jury the issue of appellant's guilt of aggravated assault and to define such offense in the charge.

We perceive no error, as the facts did not raise such an issue.

Appellant did not testify, and the testimony of his witnesses was in support of a defense of alibi. The testimony of the prosecutrix as to penetration was undisputed. See: Hart v. State, 139 Tex.Cr.R. 101, 138 S.W.2d 818; Fite v. State, 139 Tex.Cr.R. 592, 140 S.W.2d 848.

■ Appellant's remaining ground of error, presented in his formal bill of exception #3, complains that the trial court restricted the argument of his counsel, and, without objection on the part of the state, *called his counsel down* on two particular occasions—which was an abuse of discretion and reversible error.

An examination of the bill reflects that on the two occasions complained of, the court's action followed his ruling sustaining the state's objection to remarks of appellant's counsel that he knew what a preacher in the next room would have done had outcry been made by the prosecutrix. Following the court's ruling, which was correct, appellant's counsel attempted to tell the jury what he believed the preacher or certain other individuals would have done. This argument was not permitted by

the court in view of the state's original objection, and counsel was instructed to "Stay with the record."

We perceive no error in the bill.

The judgment is affirmed.