**Willard THOMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44619.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for rape by force and threats. The jury assessed the punishment at eight years.

The appellant's sole contention is that the prosecutrix made a delayed outcry and her testimony was not sufficiently corroborated to support the conviction.

The "Statement of the Facts" in the appellant's brief is fair and candid and will be adopted (with references to the page numbers omitted). It is as follows:

"Prosecutrix, who was separated from her husband at the time, saw the Appellant in the apartment area on April 30, 1968, at approximately 6:00 p. m. at the bottom of the stairway. She lived in an upstairs apartment. Appellant was in the company of her next door neighbor, one Webb. Webb and Appellant were drinking beer. Prosecutrix lived in her apartment with her two children ages four and two. She engaged in a brief conversation with Appellant. She and her children retired by 9:00 p. m., she in one bedroom and the children in another. Shortly thereafter, the elder child came into bed with her. There was one outside entrance to the apartment, the front door. She was later awakened when Appellant entered the unlocked front door and got in bed with her. Her scream awakened the child. After an initial struggle during which time the child was screaming, Appellant threatened her and the children with a knife. As a result of such threats, she quieted the child, put the child in the children's bedroom and she then submitted to intercourse in fear that Appellant would kill her and the children. She then went to the bathroom and remained there until she heard the front door close. She then turned on all of the apartment lights to see if he had left, ran her bath water, removed her clothing, took a bath and a douche, and dressed. She also got the children's clothing and took the children to the Kimbriel apartment in the unit.

"At that time prosecutrix worked at Texas Instruments and her working hours were 1:00 o'clock a. m. to 7:48 o'clock a. m. Mr. Kimbriel normally kept the children until he took his own children to school, at which time he would leave her children at a nursery. Prosecutrix rode to work with Mrs. Kimbriel. She usually took the children to the Kimbriel apartment about 11:45 o'clock p. m. but this time she arrived at approximately 11:15 o'clock p. m.

"On inquiry of Mrs. Kimbriel as to the early arrival, prosecutrix replied she would tell her in a minute after she put her children to bed. Prosecutrix then returned to the Kimbriel living room and said: 'Would you believe I have been raped?' Prosecutrix then sat down and started crying. She was nervous and upset. Mrs. Kimbriel woke her husband, who summoned the apartment manager and the manager, in turn, called the police. The police ar-

rived before midnight and interviewed the parties there, after which Mrs. Kimbriel and prosecutrix went to work at Texas Instruments. After work, prosecutrix returned to the Kimbriel apartment until her father came to pick her up.

"The jury chose to disbelieve Appellant's version that he received an invitation to see prosecutrix later during their first conversation; that he went to her apartment and, knocking, found the door unlocked; that he entered and had consentual intercourse. The next door neighbor, who was in the company of Appellant and prosecutrix previously, heard no scream or noise of any kind as testified to by the prosecutrix."

The only fact issue was that of consent. The appellant admitted having the act of intercourse and testified that it was with the consent of the prosecutrix.

■ Corroboration is ordinarily required in those forcible rape cases where a belated outcry was made. Wright v. State, Tex.Cr.App., 364 S.W.2d 384. Was there a belated outcry in the present case?

The testimony of the prosecutrix was that after the attack she checked the apartment to be sure the attacker was gone, locked the door, went to the bathroom, dressed, awakened her children and took them to a neighboring apartment. She testified that she did not have a telephone and that her outcry was within some fifteen minutes after the rape and to the first adult that she saw.

The appellant cites Hindman v. State, 211 S.W.2d 182. That was a statutory rape case involving a fifteen-year-old girl who made no outcry until six months after the alleged offense.

In Lurie v. State, 162 Tex.Cr.R. 604, 288 S.W.2d 505, the rule is stated: "[i]n rape cases wherein the prosecutrix fails to make an outcry, when human experience dictates that she do so, the conviction is not substantiated upon the unsupported testimony of the prosecutrix."

In Lacy v. State, Tex.Cr.App., 412 S.W. 2d 56, this Court did not require corroboration of the prosecutrix where there was no outcry for two days.

■ From the testimony in this record it appears that the outcry was made within a reasonably prompt time after the act. We hold the uncorroborated testimony of the prosecutrix was sufficient for the jury to conclude that she did not consent and to support the conviction.

The judgment is affirmed.