Frank Louis **NICHOLAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44833.

Court of Criminal Appeals of Texas.

April 12, 1972.

---

2. See Mendietta v. State, 476 S.W.2d 682 (Tex.Cr.App.1972).

------◆------

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, fifty (50) years.

The record reflects that appellant entered the dry cleaning establishment owned by the prosecutrix, robbed her, raped her and shot her in the head twice.

■ Appellant's first ground of error is that the State failed to prove an act of penetration.

The prosecutrix testified directly and specifically that the appellant placed his private part in hers and achieved penetration. There was no testimony to the contrary. The jury was instructed that penetration of a sexual organ of the female by the male organ of the appellant must be proved beyond a reasonable doubt. The jury, by its verdict, found that such penetration was proved beyond a reasonable doubt. It has been held that the testimony of the prosecutrix alone is sufficient evidence to present that issue to the jury. Bell v. State, Tex.Cr.App., 411 S.W.2d 725.

The prosecutrix' testimony, supported by a prompt outcry, as we have in the case at bar, has consistently been held to be sufficient to support the conviction for the offense of rape. See Bell, supra.

■ Appellant next claims, without citation of authority, that the prosecutor "did in fact take the witness stand and testify to issues of the trial itself to which proper objections were entered by defense counsel." He contends that the co-counsel for the State took the stand "only to bolster his own case."

On cross-examination, the appellant questioned State's witness Detective Orlando extensively concerning the offense report he filed which partially conflicted with the prosecutrix' testimony, and in trying to impeach his testimony, asked whether he and the prosecutor had discussed the discrepancies during an earlier recess. The witness admitted he had spoken to the prosecutor about the offense report but denied any detailed discussion concerning the complaining witness' testimony.

In rebuttal, the prosecutor called his co-counsel who testified he was present during the conversation between the prosecutor and Orlando and that they did not discuss the prosecutrix' testimony. Such testimony was not inadmissible and was seemingly the only practical way of establishing that "the rule" had not been violated.

■ Appellant also claims that the fact that the State's co-counsel took the stand, itself violates "the rule." Attorneys engaged in a particular case on trial are exempt from "the rule." Dominguez v. State, 161 Tex.Cr.R. 124, 275 S.W.2d 677.

■ Appellant's third ground of error is that he was forced to give evidence against himself through the surrender of

pubic hairs taken by the police.[1] A search of this record reveals that the State made no effort to introduce any evidence relating to pubic hairs and that the first mention of them came from the appellant during the cross-examination of a witness. Appellant cannot complain of testimony which he, himself, elicited.

Finding no reversible error, the judgment is affirmed.

---

1. Testimony relating to the presence or absence of appellant's pubic hairs on the complaining witness' clothing or at the scene of the offense are relevant. Vessels v. State, Tex.Cr.App., 432 S.W.2d 108; Smith v. State, Tex.Cr.App., 437 S.W.2d 835, and Means v. State, Tex.Cr.App., 429 S.W.2d 490.