Mike **PRESLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 52333.

Court of Criminal Appeals of Texas.

July 14, 1976.

Jerry Paquin, Seminole, for appellant.

Joe K. McGill, County Atty., Seminole, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking a conditional discharge under Article 4476–15, Sec. 4.12, Vernon's Ann.C.S. (Controlled Substances Act).

The record reflects that appellant was charged with possession of a usable quantity of less than two ounces of marihuana. It appears that on June 3, 1975, appellant entered a plea of guilty to the complaint and information charging him with such offense and the court, after hearing evidence, without entering a judgment of guilt and with appellant's consent, granted a conditional discharge for the first offense and deferred further proceeding and placed the appellant on probation for six months subject to certain conditions under the provisions of said Section 4.12.[1]

A motion to revoke "probation" or the conditional discharge was filed on September 16, 1975. An amended motion was filed on October 9, 1975, and after a hearing on November 7, 1975, the court revoked the conditional discharge for four violations of the probationary conditions imposed. Punishment was assessed at six (6) months in the county jail and sentence was imposed

---

1. Section 4.12 of the Controlled Substances Act provides:

"(a) If any person who has not previously been convicted of an offense under this Act, or, subsequent to the effective date of this Act, under any statute of the United States or of any state relating to a substance that is defined by this Act as a controlled substance, is charged with a violation of this subchapter or is found guilty of a violation of this subchapter after trial or on a plea of guilty, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place him on probation on such reasonable conditions as it may require and for such period as the court may prescribe, except that the probationary period may not exceed two years.

"(b) Upon violation of a condition of the probation, the court may enter an adjudication of guilt, pronounce sentence, and punish him accordingly. The court may, in its discretion, dismiss the proceedings against the defendant and discharge him from probation before the expiration of the maximum period prescribed for his probationary period. If during the period of his probation the defendant does not violate any of the conditions of the probation, then upon expiration of the probationary period the court shall discharge him and dismiss the proceedings against him. Discharge and dismissal under this subsection shall be without an adjudication of guilt, but a nonpublic record of the proceedings shall be retained by the director solely for use by the courts in determining whether or not, in subsequent proceedings, the person qualifies for conditional discharge under this section.

"(c) A discharge or dismissal under this section shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law for conviction of a crime, including any provision for enhancement of punishment for repeat or habitual offenders. There may be only one discharge and dismissal under this section with respect to any person.

"(d) This section shall not be construed to provide an exclusive procedure. Any other procedure provided by law relating to suspension of trial or probation may be followed, in the discretion of the trial court."

after waiver of the time in which to file a motion for new trial or in arrest of judgment.

■ In his first ground of error appellant complains that the court failed to provide a court reporter at the revocation hearing, although he candidly admits that no request for one was made by him. In *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr. App.1975), this court held that the provisions of Article 40.09, Vernon's Ann.C.C.P., requiring the court to appoint a court reporter, when requested to do so, to report all trial proceedings are applicable to county court prosecutions where the case may be appealed to the Court of Criminal Appeals. In footnote 6 of said opinion, it was noted that this court has made clear that a defendant in a criminal case must make an affirmative request for the court reporter to take the record under Article 40.09, supra, in order to show error on appeal. See *Taylor v. State*, 489 S.W.2d 890 (Tex.Cr. App.1973); *Jones v. State*, 496 S.W.2d 566 (Tex.Cr.App.1973), and cases there cited; *Garrett v. State*, 434 S.W.2d 142 (Tex.Cr. App.1968).

While this court has urged trial courts to provide court reporter even in absence of a timely request unless the same is waived, see, e. g. *Jackson v. State*, 491 S.W.2d 155 (Tex.Cr.App.1973); *Taylor v. State*, supra; *Jones v. State*, supra, there is no error if the services of a court reporter are not requested.

■ Next appellant complains that since no punishment is assessed at the time an accused is placed on conditional discharge for first offense none was assessed in this case, but that in assessing punishment for the original offense following the revocation order the court took into account the violations of the law shown at the revocation hearing. In the record before us, which does not contain a transcription of the court reporter's notes, there is nothing to support appellant's contention. Nothing is presented for review.

■ Lastly appellant complains the trial court erred in assessing punishment for possession of marihuana of two ounces or less. The punishment assessed was six (6) months in the county jail. Appellant contends that under Section 4.05(b)(3) the possession of marihuana of two ounces or less is a Class B misdemeanor, and that under the provisions of V.T.C.A., Penal Code, Section 12.22,[2] a person adjudged guilty of a Class B misdemeanor cannot be confined in jail for a term longer than 180 days. He urges that six months is in excess of the maximum punishment of 180 days in jail. Appellant may be technically correct. However, it has been held that a "month" not otherwise defined by statute and used in assessing punishment means a solar month or 30 days and not a calendar or lunar month. See *Lurie v. State*, 162 Tex. Cr.R. 604, 288 S.W.2d 505, 506 (1956); *McKinney v. State*, 43 Tex.Cr.R. 387, 66 S.W. 769 (1902); *Yeary v. State*, 66 S.W. 1106 (Tex.Cr.App.1902); 1 Branch's Anno. P.C., 2nd ed., Sec. 663, p. 641. While it would have been better practice in assessing punishment to use the terminology of the statute to avoid the question now presented, we interpret the "six months" set forth in the judgment and sentence as meaning 6 x 30 days or 180 days. Under any circumstances, appellant is entitled to discharge when he has credit for 180 days in the county jail.

The judgment is affirmed.

---

2. V.T.C.A., Penal Code, Section 12.22, provides:
"An individual adjudged guilty of a Class B misdemeanor shall be punished by:
"(1) a fine not to exceed $1,000.

"(2) confinement in jail for a term not to exceed 180 days; or
"(3) both such fine and imprisonment."