David ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00002–CR.

Court of Appeals of Texas, San Antonio.

Nov. 25, 1981.

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Gail Dalrymple, Asst. Dist. Atty., San Antonio, for appellee.

OPINION

Before KLINGEMAN, CLARK, BASKIN, JJ.

CLARK, Justice.

This is an appeal from a conviction of burglary of a building. After the jury rendered a verdict of guilty, the trial court assessed punishment at ten years' confinement.

Appellant was apprehended at approximately 9:00 p.m. outside a retail store from which a burglar alarm signal had been received. Frank °Lee, an employee of the burglar alarm agency, saw two black men in the store, but Lee's in-court identification of the appellant was not positive. Officer Harry Morehouse of the San Antonio Police Department saw appellant in the store and saw him dive through a hole in a door in an attempt to escape. Officer Morehouse apprehended appellant and positively identified him in court. Another officer and the manager of the store positively identified appellant as the subject apprehended by Officer Morehouse at the scene.

Appellant asserts in his first ground of error that the trial court erred in permitting the State to present tainted in-court identification of appellant.

The relevant testimony is that of Frank Lee:

Q: And, I will ask you this: Did you . . . could you identify either one of the two black men that you saw that day present in the courtroom today?

A: Not positively; no, sir.

Q: Do you see anyone that looks similar to any one of them?

Mr. Schmidt [defense counsel]: Objection Your Honor; that is a leading question.

The Court: Don't lead your witness, Counsel.

Q: You say you cannot identify . . . you say you are not positive about your identification today?

A: Well, I don't understand what you mean about the identification.

Q: Well, you say you saw two black men?

A: Yes, sir.

Q: And, my question is do you see anybody that looked liked one of those two black men here in the Courtroom here today?

Mr. Schmidt: Objection, Your Honor: We will stipulate that the Defendant is black, but, this calls for a response and the question is vague and indefinite and it calls for a response . . . .

Mr. Catlin [prosecutor]: .I just asked him if he could identify the Defendant here today?

Mr. Schmidt: He has already said that he can't.

Mr. Catlin: No, he didn't, Your Honor: he said not positively and, I would like to go further into that.

The Court: I am going to overrule your objection.

Q: Do you see a black man sitting at this table?

A: Yes, sir.

Q: Is that man the one you are referring to?

A: Yes, sir.

Q: And, you say you can't identify him positively, is that correct?

A: No, sir; not positively. (R. 109–110).

■ Appellant argues that the State was permitted to obtain a tainted identification by focusing the testimony of the witness, Frank Lee, upon appellant over objection. The prosecutor's questions as to whether Lee saw anyone in the courtroom who "looked like" either of the two men he saw in the store at the time of the burglary were objected to as "leading" and "vague and indefinite." When the prosecutor's subsequent questions directed Lee's attention specifically to the appellant, however, no objection was made. To preserve error, objection must be made as soon as the ground of objection becomes apparent. *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr. App.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977); *Compton v. State*, 500 S.W.2d 131 (Tex.Cr.App.1973). The line of questioning complained of actually established that the witness could not positively identify the appellant. Because of the absence of a timely and proper objection, the failure of the witness to make a positive identification of appellant, and the positive in-court identifications of appellant

by three other State's witnesses, we find no merit in appellant's first ground of error.

■ In his second ground of error, appellant urges that the trial court erred in failing to hold a hearing on appellant's objections to the record pursuant to Tex.Code Crim.Pro.Ann. art. 40.09, § 7 (Vernon 1979). Appellant argues that since he is represented on appeal by counsel who did not represent him at trial, the omission of the voir dire examination of the jury panel and the final arguments of counsel handicaps his appellate counsel and thus operates to deny him due process of law.

The statement of facts expressly reflects that appellant's attorneys waived the taking of notes of the voir dire examination of the jury panel, and it is silent as to whether or not any party requested the taking of notes of the jury arguments. An affidavit of the court reporter, included in the transcript by order of the trial court "for the record to speak the truth," avers that appellant's attorneys, prior to the jury arguments, likewise waived the taking of notes of the jury arguments. Significantly, appellant did not contend in his objections to the record, nor does he contend on this appeal, that he requested the court reporter to take notes of the missing portions of the proceedings, or that the reporter took any such notes for any reason and failed to make them a part of the record, or that there was any lack of cooperation on the part of trial counsel. Appellant only complains that notes of those portions of the proceedings are not contained in the record.

Since appellant's objections to the record do not allege that the record fails to speak the truth in reflecting an express waiver of the making of notes of the voir dire examination and the absence of a request for the making of notes of the final argument, there is no error in the trial court's failure to hold a hearing before approving the record in that respect. *Torres v. State*, 552 S.W.2d 821 (Tex.Cr.App.1971). And in the absence of a showing by appellant that such a request was made of the reporter on his behalf, appellant cannot complain of the

omission on appeal. *Presley v. State*, 538 S.W.2d 624 (Tex.Cr.App.1976); *Jackson v. State*, 491 S.W.2d 155 (Tex.Cr.App.1973).

Appellant's second ground of error is also overruled, and the judgment is affirmed.