NO. 07-11-00219-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2012

_____

JESSICA AILEEN YORK, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,623-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jessica Aileen York, appeals the decision of the trial court adjudicating her guilty of the offense of possession of a controlled substance, methamphetamine, in an amount of less than one gram.[1] After a hearing on the issue of punishment, the trial court sentenced appellant to 180 days in a State Jail Facility (SJF). Appellant has perfected her appeal and brings forth four issues. We will modify the judgment of the trial court and affirm its decision as modified.

_____

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).

Factual and Procedural Background

On October 23, 2007, appellant entered into a plea bargain agreement with the State of Texas wherein she entered a plea of guilty to the indicted charge of possession of methamphetamine in an amount of less than one gram and the State recommended deferred adjudication with appellant being placed on community supervision for a period of three years. Subsequently, the State filed its first motion to proceed with adjudication. As a result, a hearing was conducted on the State's motion to proceed with adjudication on April 28, 2009. At the conclusion of this hearing, the trial court extended the community supervision period for one year and ordered the terms and conditions of community supervision modified to include completion of the Managed Care Program in Lubbock, Texas, followed by Intensive Supervision Program (ISP).

After the initial motion to proceed hearing, there were agreed supplemental orders amending conditions of probation executed by appellant. The final two agreed supplemental orders both contained condition 26a, requiring appellant to participate in the Community Control Program provided by the Community Supervision and Corrections Department (Department), which required appellant to be at her residence on record with the Department twenty-four hours daily, unless directed otherwise by the Court or the supervising officer. Provisions in the term 26a provided that prior arrangements could be made to be away from her residence for the purposes of employment, counseling, participation in the Literacy and Education Program, and other necessary activities as deemed appropriate by the Department. The requirement that

2

appellant be at her residence was to be verified by electronic monitoring of appellant's exit and entrance to her residence via an ankle monitor.

On March 23, 2011, the State filed another motion to proceed with adjudication of guilt against appellant. In this motion, the State alleged that appellant had violated condition 1 of her supervision, specifically that on the 7th of December 2010 appellant had intentionally and knowingly used or possessed drug paraphernalia, a bong. The second allegation was that appellant had failed to comply with condition 26a by being out of range without permission on a number of specified days at specified times.

The trial court conducted a hearing on the motion to proceed with adjudication on May 23, 2011. After hearing the evidence, the trial court found the allegation relating to the alleged violation of condition 1 "Not True," but the trial court found the allegations relating to condition 26a "True."

The trial court then convened the punishment phase of the proceedings. At the conclusion of the evidence on the punishment issue, the trial court sentenced appellant to 180 days in an SJF. On June 3, 2011, the trial court signed a written judgment finding appellant guilty and sentencing her to six months in an SJF.

Appellant appeals the trial court's judgment by four issues. The State has conceded error on the third and fourth issues, and the judgment will be modified to reflect the deletion of the fine as raised by issue three and deletion of the order to pay attorney's fees as raised by issue four.

Appellant contends that the evidence was insufficient to support the trial court's finding of "True" as to whether appellant violated condition 26a. Lastly, appellant contends that, because the trial court's oral pronouncement sentence was confinement for "180 days" in an SJF and the judgment reflected confinement for "six months" in an SJF, the judgment should be modified to reflect confinement for 180 days. We will affirm the judgment of the trial court as hereinafter modified.

## Sufficiency of the Evidence

The record reflects that condition 26a of appellant's community supervision required appellant to be at the residence she had on record with the Department twenty-four hours per day, subject only to certain enumerated exceptions and other necessary activities as deemed appropriate. The State's motion to proceed alleges twelve separate instances of violations by being out of the residence without permission. The motion alleges that appellant was out of range of the ankle monitor system without permission.

The testimony of supervising officers Carol Morales and Matt Thompson reflect that appellant was required to file in advance with the Department a schedule of when she would be out of the house. Further, each officer testified that, on each and every occasion that appellant was scheduled to be out of the residence, the monitor tracking record showed that she was out of her residence.

4

Standard of Review

When reviewing the adjudication of guilt on the original charge of an appellant under an order of deferred adjudication, the review process is the same as that for a revocation of community supervision. See Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the defendant violated a term and condition of community supervision as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Proof of any one of the alleged violations is enough to support an order to revoke. See Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975). The standard by which an order revoking community supervision is reviewed on appeal is abuse of discretion. See Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978).

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. See Herald v. State, 67 S.W.3d 292, 293 (Tex.App.–Amarillo 2001, no pet.); Becker v. State, 33 S.W.3d 64, 66-67 (Tex.App.–El Paso 2000, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, pet. ref'd). In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's ruling. See Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). The trial judge is the trier

of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. See id.

Analysis

The term and condition that appellant was accused of violating required that she be at her residence on record with the Department twenty-four hours daily, unless otherwise directed by the court or supervision officer for employment, counseling, participation in the Literacy and Education Program, and other necessary activities as deemed appropriate. Appellant's attack on the sufficiency of the evidence is couched in terms of appellant's lack of knowledge that she could venture no further than range of the monitoring device, assumed for purposes of the argument to be 300 feet. However, the term and condition of community supervision is not defined by a 300-foot range of the monitor, rather the term is defined by the requirement that appellant be at her residence. The monitor is the mechanism for verifying that appellant was at her residence as required.

The record reflects that appellant's terms and conditions of community supervision were modified on two occasions and the term 26a was a part of the modification on each occasion. As part of this term of community supervision, appellant was required to wear an ankle monitor. This monitor reported each time appellant left her residence. The term required appellant to file weekly a schedule of her intended absences from the residence, and, further, those absences had to be approved by her supervising community supervision officer. During the applicable time period, appellant was supervised by two community supervision officers. Community supervision officer

Carol Morales took over the supervision of appellant while the original assigned officer was on medical leave. Morales testified that she visited with appellant about the requirements of electronic monitoring and explained to her how the system tracked her comings and goings from the residence. Morales further testified that the records of the Department indicated that appellant was away from the residence without prior approval on February 23, 25, 26, and March 5 of 2011. On February 28, Morales visited with appellant regarding her absences from the residence. At that time, appellant denied being away from the residence and blamed the equipment for reporting her absences erroneously. Somewhat telling is the fact that during this discussion appellant challenged Morales by asking what time the equipment showed her leaving her home that morning to come to the meeting with Morales. After appellant advised Morales that she had left her home at 12:20 pm, Morales showed appellant the report of the monitor that indicated that appellant had left her home at 12:19 pm.

The testimony of the other supervising officer, Matt Thompson, reflected that appellant's monitoring records showed violations occurring on January 18, 26, 29, and 30 of 2011. Additionally, the records indicated absences on February 12. Thompson spoke with appellant about the problem of the absences on February 14, 2011, and appellant offered an excuse for two of those absences.

Based upon this testimony, the trial court adjudicated appellant guilty and subsequently sentenced her to 180 days in an SJF.

Based upon the record before us, appellant was advised of the term and condition of supervision 26a. Further, the evidence shows a consistent pattern of

absences from the residence that were not preapproved. The record established that appellant was aware that any absence that was not preapproved was a violation of term and condition 26a. We review these facts in the light most favorable to the trial court's ruling. See Garrett, 619 S.W.2d at 174. Under these facts, the State met its burden of proof that a violation of term and condition 26a had occurred. See Cobb, 851 S.W.2d at 873. Therefore, the trial court did not abuse its discretion in adjudicating appellant guilty. See Rickels, 202 S.W.3d at 763; Lloyd, 574 S.W.2d at 160. Accordingly, appellant's first issue is overruled.

## Length of Sentence

By her second issue, appellant challenges the judgment entered that reflects that she is to serve six months in an SJF while the record reflects that the trial court orally pronounced appellant's sentence at confinement for 180 days in an SJF. The record supports appellant's contention that the oral pronouncement was for confinement for 180 days.

Appellant contends that, if there is a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement of sentence controls. See Taylor v. State, 131 S.W.3d 497, 500 (Tex.Crim.App. 2004). The State counters that Texas courts have held that a "month" means a solar month, 30 days, not a calendar month. See Presley v. State, 538 S.W.2d 624, 626 (Tex.Crim.App. 1976). Therefore, according to the State, there is no conflict, and the sentence would be construed to mean 180 days.

8

We are not persuaded by the State's argument. The authority cited by the State deals with situations in which the term at issue is not defined by statute and is used in assessing punishment for an offense. See Presley, 538 S.W.2d at 626. We are not dealing with a fact pattern of a statute not defining the term of sentence. Rather, we have a divergence between the oral pronouncement and the written judgment. The oral pronouncement controls this situation. See Taylor, 131 S.W.3d at 500. Therefore, pursuant to Texas Rule of Appellate Procedure 43.2(b), we will modify the judgment to reflect a term of confinement of 180 days in an SJF as pronounced originally. See TEX. R. APP. P. 43.2(b).

## Fine

Appellant's third issue contests the bill of costs that assessed a fine of $750. The record reflects that the trial court did not assess a fine upon adjudication of guilt, and the judgment entered by the trial court reflects "N/A" in the space allocated for fine. The State has candidly conceded that the bill of costs is inaccurate and that no fine was assessed. Accordingly, we order the bill of costs modified to reflect no fine assessed. See TEX. R. APP. P. 43.2(b).

## Attorney's Fees

Appellant's fourth issue contests the evidence to support an order that appellant pay for her appointed attorney. In this issue, as in the previous issue, the State has conceded error. The State has asked the Court to modify the judgment to delete the requirement that appellant repay Potter County for her court-appointed attorney the sum

of $1,400.  We agree and will modify the judgment to delete the order for repayment of attorney's fees in the amount of $1,400.  <u>See</u> Tᴇх. R. Aᴘᴘ. P. 43.2(b).

## Conclusion

The judgment of the trial court is affirmed as modified to reflect a sentence of 180 days in an SJF, delete the requirement of the bill of costs to pay a fine of $750, and delete the requirement that appellant repay Potter County for her court-appointed attorney.

Mackey K. Hancock
Justice

Do not publish.