**Matthew A. GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42300.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

Rehearing Denied Jan. 28, 1970.

Marvin O. Teague, Houston, (On Appeal Only), Jon Hughes, Houston, (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Jimmy James, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, twenty-one years.

The first ground urged as error is that the evidence is insufficient to show malice aforethought.

The testimony of the state reveals that Tommy Velasquez, the deceased, age seventeen, attended a party given at his mother's home celebrating his entry into the Job Corps. The appellant, with other boys, came to the party uninvited. Appellant had been drinking and tried to pick a fight with a boy named Tony. When the appellant bothered a girl, a boy named Adam told him to leave her alone. Later, Adam and appellant started fighting in front of the house and the deceased came outside. Deceased had previously told the appellant to leave. He stepped between them and when he told appellant again to leave, the appellant advanced toward the deceased who pushed him away. Appellant then stabbed deceased twice with a knife in the chest and in the head. The deceased had nothing in his hands. After the stabbing the appellant ran to a car, but the officers arrived before he left.

Tony Korrodi testified that during the party the appellant, while asking him some

questions, put his hand in his pocket and he (Tony) could see the blade of a knife, and then appellant cursed and walked away.

The arresting officer found an open knife on the floorboard of the car in which the appellant was seated, between appellant's feet. The officer testified that there were matchsticks in the knife which could prevent the blades from completely closing.

Dr. Jachimczyk, chief medical examiner for Harris County, testified, without objection, that he performed an autopsy on the body of the deceased and his examination revealed:

"A The post-mortem examination revealed this to be the body of a 17-year-old white male who measured 63 inches, five foot, three inches in over-all length, and weighed 113 pounds. He had a cut over his right ear in the scalp which started at the pinna—that is, the attachment of the ear—and went three inches up into the scalp and gapped one inch in width.

"He also had another cut and stab in the right axilla, or right armpit, which coursed from the right pectoralis muscle—the right chest muscle—five inches in length and gapped an inch and a half and penetrated the right chest cavity through the first right interspace through the right axilla, or armpit, into the chest for a deepest point of penetration of two and seven-eighths of an inch, penetrating the superior vena cava and the innominate artery. These are large blood vessels inside the body, causing two quarts of internal hemorrhage into the right chest, causing leakage of air into the right chest, shock and death.

"So that the cause of death is the stab wound into the right chest."

Testifying in his own behalf, the appellant, while admitting he attended the party, denied that he stabbed the deceased or participated in it in any way. He called several witnesses whose testimony corroborated his testimony. They each testified that they were invited to the party.

The jury resolved the issues of fact against the appellant.

The evidence is sufficient to support the jury's finding that the appellant is guilty of murder with malice as alleged and supports the conviction.

■ The second ground of error is that the trial court erred in refusing to charge on aggravated assault. While testifying, the appellant denied stabbing the deceased or participating in it in any way; and further testified that he was "not claiming self-defense or anything." The refusal to give such charge was not error. Bell v. State, Tex.Cr.App., 411 S.W.2d 725.

■ Appellant contends that he was deprived of a fair and impartial trial by the state attempting to show during the examination of a witness that his trial counsel had caused the witness for the state to testify untruthfully during the trial.

When this matter arose, the court removed the jury. After appellant's counsel had examined the witness on voir dire he told the court: "Now, if he wants to go into it, he can go into it, Your Honor." The court replied: "All right. Go ahead." Except for one objection that the state was leading the witness, no further objections were made to the testimony of said witness before the jury. The third ground of error is overruled.

The fourth, fifth and sixth grounds of error are:

"The argument of state's counsel at the hearing on the guilt or innocence of this defendant for the offense for which he stood charged was so inflammatory and prejudicial and the actions of state's counsel during oral argument at said hearing were of such nature as to deprive this defendant of a fair and impartial hearing on the issue of guilt or

innocence. State's attorneys, in their argument, argued as follows:

"(Pages 259, 260, 261, 267, 268, 269, 270, 311, 312, 313, 314, 315, 318, 319, 321, 322, 325, and 326 of the record of this cause are hereinafter set out and are not numbered)."

"The trial court committed reversible error by failing to grant a mistrial after the state's attorney, in his argument, at the guilt or innocence hearing, offered into evidence a statement of a state's witness. The said activity of state's counsel occurred as reflected by the following pages 311–315 of the record of this cause.

"(Pages 311 through 315, inclusive, of the record of this cause are hereinafter set out and are not numbered)."

"The trial court committed reversible error by failing to grant a mistrial after the state's attorney, in his argument, at the guilt or innocence stage of this trial, testified not under oath, at said argument, to the following:

"(That part of page 313 is hereinafter typed in this Brief. Pages 314 and 315, inclusive, of the record of this cause are hereinafter set out and are not numbered)."

The jury arguments made by both parties on guilt or innocence cover seventy-three pages. The appellant refers us to eighteen pages (as numbered above) of the jury argument which is found among sixty-seven pages which were made by four attorneys, two for the state and two for the appellant.

Art. 40.09, Sec. 9, C.C.P., requires that the brief of the defendant "shall set forth separately each ground of error of which defendant desires to complain on appeal." Rae v. State, Tex.Cr.App., 423 S.W.2d 587; Ward v. State, 427 S.W.2d 876.

From a review of all the argument referred to in light of the objections made, the court's ruling thereon and the record, it is concluded that no reversible error is shown.

The seventh ground of error is the refusal of the court to sustain appellant's objection made out of the presence of the jury to the state's questions which sought to elicit from Officer Montgomery in the presence of the jury the purpose of having matchsticks in a knife for the reason that such questioning before the jury was tantamount to permitting him to answer them, forced him to object before the jury, and deprived him of a fair and impartial trial.

Officer Montgomery testified that he recovered the open knife with matchsticks in it from between appellant's feet on the floorboard of the automobile. He identified the knife at the trial and it was introduced in evidence. He further testified that it was in exactly the same condition at the trial as it was when he removed it from the car. The appellant concedes in his brief that the knife was admissible in evidence.

It appears that it would be a reasonable deduction that matchsticks in a knife would prevent its blade or blades from completely closing; and the questions complained of not having been answered, we perceive no reversible error. Ground of error number seven is overruled.

The judgment is affirmed.