**Maria Guadalupe HOLGIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44770.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied June 14, 1972.

Clyde W. Woody, Marian S. Rosen, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment assessed by the court, three (3) years.

Appellant's first two grounds of error relate to the alleged illegality of the search, which produced the marihuana which formed the basis of this prosecution.

Testifying for the State, Police Officers Albert and O'Briant stated that appellant threw the marihuana, enclosed in a bag, out of her automobile as she drove up to her house where the officers were waiting. Officer Collins testified that although he was present at the time in question, he did not see appellant throw a bag from the automobile nor did he see Officers Albert and O'Briant retrieve a bag from the ground. He further testified, unequivocally, that nothing was found in-

side the house but did identify the bag, which had been introduced through the other officers, as the one found somewhere at the scene.

On the other hand, appellant and her witnesses testified that the officers entered appellant's home, searched it and proclaimed that the bag which was introduced in evidence was found in a dresser drawer inside the house. No defense witness claimed to have seen the officers find the bag. They all denied that anything was thrown from appellant's automobile.

Appellant's witness, Terry Lee Raseley, testified that he was a friend of the appellant's family and often spent the night in their home. He stated on the evening prior to appellant's arrest he had left the bag of marihuana, which was later recovered by the officers, in the appellant's home with her consent but without any knowledge on her part of its contents. He admitted, however, that he was present at the time of appellant's arrest and that when the officers exhibited the bag of marihuana as being the property of appellant, he did not claim it as his.

The State's case rests entirely upon the testimony of the officers that the bag was thrown to the ground outside the fence surrounding the house. No officer testified that he had a search warrant or that he found anything at the premises in question. This distinguishes the case at bar from those relied upon by appellant in her brief. The defense theory raised by their evidence was that Raseley had left the marihuana in the house without appellant's knowledge or acquiescence. It would appear that appellant's defense was adequately presented to the jury by the following charge:

"You are further instructed that even if you should believe from the evidence beyond a reasonable doubt that the brown paper sack introduced in evidence by the State in this case contained marijuana, but you further find from the evidence, or if you have a reasonable doubt thereof, that the same was found in the house of the defendant, Maria Guadalupe Holgin,

by the arresting officers after it had been placed therein by Terrill Lee Raseley as his own property with the permission of the defendant but without her knowledge that the same was marijuana, if it was, then you will acquit the defendant and say by your verdict not guilty."

Additionally, there were no objections to the charge and no requested charge.

The jury by their verdict accepted the State's theory of the case and the question of search passes out of the case.

Appellant's first and second grounds of error are overruled.

■ Appellant's third ground of error is that the court erred in permitting the State to inquire about a witness' prior conviction for the purpose of impeachment. She alleges that the witness received a probationary sentence which had been successfully served, and the conviction, thereafter, set aside. The record which supports such allegation is as follows:

"Q I see, Mr. Mendoza, have you ever been convicted of a felony in this state or any other state?

"MR. PETERSON: I object to that, Your Honor, his character has not been gone into. We object to that.

"THE COURT: I overrule the objection if this is your objection. You may answer.

"A (By Witness) Yes, sir.

"Q All right. For what were you convicted?

"A Forgery and passing.

"Q All right, sir.

"MR. ONCKEN: I have no further questions, Your Honor."

Immediately thereafter, on redirect examination, the witness was questioned as follows:

"Q Mr. Mendoza, the conviction you just testified about, was that conviction set aside?

"A Yes, sir.

"Q. And dismissed?

"A After I paid back the money, it was."

The record does not include an order of the court setting aside said conviction. However, the trial court, in an abundance of caution, instructed the jury in his charge as follows:

"You are instructed to disregard the testimony to the effect Auturo Mendoza was convicted of the offense of forgery and passing and was given probation therefor cannot be considered by you in passing upon his credibility as a witness, since the period of probation had already expired."

Appellant's third ground of error is overruled.

Appellant's fourth ground of error relates to the cross-examination of appellant. Prior to trial the appellant filed a motion in limine alleging that she had not been convicted of a felony or of a misdemeanor involving moral turpitude and urging that she not be cross-examined concerning any prior criminal record. The motion was granted as to the first phase of the trial unless the appellant placed her reputation in issue. The appellant did testify at the guilt stage of the trial and over a general objection was required to answer that she had been convicted as a common prostitute. It has long been the rule in this State that a conviction for prostitution involves moral turpitude and is admissible in order to impeach a witness who has placed his reputation for truth and veracity in issue by testifying on the merits of the case. 62 Tex.Jur.2d, Sec. 271, p. 254; Johnson v. State, Tex.Cr.App., 453 S.W.2d 828.

Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error is that the vagrancy statute is unconstitutional and that, therefore, any questions concerning appellant's previous conviction for prostitution were improper. The offense of prostitution is denounced in the "vagrancy" statute, Art. 607, Sec. (15), V.A.P.C. Nothing we said in Baker v. State, 478 S.W.2d 445, this day decided, was intended to hold that a witness might not be impeached by asking her if she had been convicted of prostitution. See the conclusion of Footnote 1, Baker, supra.

Appellant's fifth ground of error is overruled.

Appellant's sixth and seventh grounds of error relate to the admission into evidence of extraneous offenses and hearsay testimony. Appellant's brief does not designate the portion of the record applicable and, therefore, does not meet the requirements of Art. 40.09, Sec. 9, V.A.C.C.P. See Ballew v. State, Tex.Cr. App., 452 S.W.2d 460.

Appellant's sixth and seventh grounds of error are overruled.

Appellant's last ground of error relates to argument. The argument complained about is not set forth by reference or otherwise.

This is not a ground of error under Art. 40.09, Sec. 9, V.A.C.C.P. See Gonzales v. State, Tex.Cr.App., 449 S.W.2d 49.

Finding no reversible error, the judgment is affirmed.