Affirmed and Memorandum Opinion filed November 25, 2008








Affirmed and Memorandum Opinion filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00755-CR

____________

 

DUNTE L. OVEAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1090058

 



 

M E M O R A N D U M   O P I N I O N

Appellant
Dunte Oveal appeals the trial court=s judgment adjudicating his guilt,
revoking his deferred adjudication community supervision, and sentencing him to
life imprisonment for the underlying offense of possession with intent to
deliver more than four grams and less than two hundred grams of cocaine.  In
his sole issue, appellant contends that the State failed to prove that he
violated the terms of his community supervision by a preponderance of the
evidence, rendering the trial court=s Atrue@ finding on the State=s allegation an abuse of discretion. 
We affirm.








I.  Facts

In 2006,
appellant was charged with possession with intent to deliver more than four
grams and less than two hundred grams of cocaine, and received deferred
adjudication community supervision.  In 2007, the State filed a motion to
adjudicate appellant=s guilt, alleging he violated the terms of his deferred
adjudication by murdering Carlos Cantu.

At the
hearing on the motion to adjudicate, John Molina, a friend of Cantu, testified
for the State.  Molina stated that on the day of the murder, he was riding in a
car with appellant while Cantu followed directly behind them.  Appellant had
taken Molina=s necklace, intending to force Molina to sell it to satisfy a drug debt
between the two.  Molina took the necklace back from appellant and jumped into
the car driven by Cantu.  Appellant then exited his car and pointed a gun at
Molina and Cantu.  Molina ducked, but Cantu was struck in the head after
appellant fired a shot into the vehicle.  Molina escaped by driving from the
passenger seat.  Upon stopping, he called 911 (but did not identify himself or
the shooter) and then fled the scene.

Sergeant
Tony Huynh testified regarding the divergent stories of two eyewitnesses at the
scene where the car containing Cantu=s body was found:  Ms. Hernandez and
Barbara Friday.  Both witnesses stated they saw an Hispanic man exit the car,
walk around to the driver=s side, and flee.  But Friday stated that she also saw the
man shoot into the driver=s side, while Hernandez did not mention seeing or hearing a
shot fired.  At the hearing on the motion to adjudicate appellant=s guilt, Friday contradicted both
Molina=s testimony and her own prior
statement, testifying that she saw two males arguing in the car, saw a Spanish
male get out and walk around to the driver=s side, and then heard a gunshot.








Molina
called Cantu=s family shortly after fleeing the scene where Cantu=s body was found.  He also called the
police later that evening, but in both conversations he failed to identify the
shooter.  Molina threw away the bloody clothes he had been wearing.  Nine days
after the murder, Molina was brought to the police station and questioned about
the shooting by Sergeant Huynh.  As part of his investigation, Huynh listened
to wiretapped conversations between Molina and appellant.  Based upon what he
heard, Huynh believed appellant was involved in the murder.  An arrest warrant
was subsequently issued for appellant, and the State=s motion to adjudicate appellant=s guilt on the underlying drug
offense followed.

The
trial court found the State=s allegation true, revoked appellant=s community supervision, adjudicated
him guilty of the underlying first degree drug offense, and sentenced him to
life imprisonment.  In his sole issue, appellant contends that the State failed
to prove he murdered Cantu by a preponderance of the evidence, rendering the
trial court=s Atrue@ finding an abuse of discretion.

II. 
Analysis

The
trial court=s determination on a motion to adjudicate is reviewable in the same
manner as a determination on a motion to revoke probation.  Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2008).  We review
a trial court=s order revoking probation under an abuse of discretion standard,
considering all the evidence in the light most favorable to the trial court=s finding to determine whether the
trial court could have reasonably found that appellant violated the terms and
conditions of his probation by a preponderance of the evidence.  See Rickels
v. State, 202 S.W.3d 759, 763B64 (Tex. Crim. App. 2006); Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Moore v. State,
11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The State satisfies the
preponderance of the evidence burden of proof when the greater weight of
credible evidence before the trial court creates a reasonable belief that it is
more probable than not that the defendant has violated a condition of probation. 
Rickels, 202 S.W.3d at 763B64; Joseph v. State, 3 S.W.3d
627, 640 (Tex. App.CHouston [14th Dist.] 1999, no pet.).








In a
probation revocation hearing, it is the trial court=s role to make credibility
determinations and resolve evidentiary conflicts.  See Garrett, 619
S.W.2d at 174; Moore, 11 S.W.3d at 498.  Although our review of that
function is highly deferential, the trial court is not given absolute
discretion to revoke probation.  See Scamardo v. State, 517 S.W.2d 293,
297 (Tex. Crim. App. 1974); Stafford v. State, 63 S.W.3d 502, 508 (Tex.
App.CTexarkana 2001, pet. ref=d).  If the trial court made
reasonable decisions in assessing credibility and resolving conflicts in the
testimony, and if viewing the evidence in the light of such determinations the
trial court could reasonably believe that, more likely than not, appellant
violated his probation, we must uphold the trial court=s decision.  See Rickels, 202
S.W.3d at 763B64; Moore, 11 S.W.3d at 498.

Appellant
first argues the trial court should not have believed Molina=s testimony because he was on felony
probation at the time of Cantu=s murder and had prior felony and misdemeanor convictions
involving drugs and firearms.  While prior convictions are admissible to
impeach the credibility of a witness, see Tex. R. Evid. 609(a), it was for the trial court to determine
the weight to give Molina=s testimony.  The trial court observed Molina=s demeanor, listened to his account
of the incident, and could have reasonably believed his testimony despite his
prior convictions.








Appellant
also argues that Molina=s testimony was not credible based on his actions during and
after the shooting.  First, appellant argues that Molina=s claim that he retrieved his
necklace without resistance from appellant is unbelievable, but Molina
testified he did so while appellant was driving and that appellant reacted by
slamming on the brakes.  Second, appellant questions Molina=s credibility because he left Cantu
(his purported friend) in the car, but Molina explained he fled because he was Awanted,@ had drugs in his pocket, and knew
Cantu was dead.  Third, appellant challenges Molina=s credibility because (1) he called
the police, Cantu=s family, and 911 on the day of the murder without
identifying appellant as the shooter, and (2) disposed of his blood-soaked
clothes.  Finally, appellant points to the lack of witnesses to Molina=s escape from the murder scene by
driving erratically from the passenger seat.  In short, while appellant points
to aspects of Molina=s conduct during and after the murder that might impeach him,
other aspects of Molina=s testimony and the hearing evidence tend to support his
veracity.  For example, Molina=s credibility was bolstered by Sergeant Huynh=s testimony that (1) Molina=s version of the story made sense
because Sergeant Huynh believed that Molina had nothing to do with Cantu=s (i.e. Molina=s best friend=s) death and that (2) after listening
to conversations between Molina and appellant, Sergeant Huynh suspected
appellant of murdering Cantu and began investigating him in that regard.  Also,
Molina=s story regarding the shooting was
consistent with the physical evidence introduced at the hearing: his testimony
that a bullet entered through the driver=s window is consistent with the
autopsy showing Cantu was struck in the left side of the head.  Therefore, we
conclude that the trial court could have reasonably determined that Molina was
credible despite his conduct during and after the murder.  See Garrett,
619 S.W.2d at 174; Moore, 11 S.W.3d at 498 (in a probation revocation
hearing, it is the trial court=s role to make credibility determinations and resolve
evidentiary conflicts).

Finally,
appellant challenges Molina=s credibility based on Barbara Friday=s contradictory testimony.  However,
her testimony at the hearing contradicted Sergeant Huynh=s account of her statement at the
scene.  Also, Sergeant Huynh testified that he doubted her account because of
her vantage point and physical condition and stated that the second eyewitness
at the scene, Ms. Hernandez, did not mention seeing or hearing a shot fired. 
Moreover, Friday=s testimony was impeached under Texas Rule of Evidence 609(a)
when she admitted to prior prostitution convictions.  See Holgin v. State,
480 S.W.2d 405, 408 (Tex. Crim. App. 1972) (noting that prostitution is a crime
of moral turpitude in Texas and can be used to impeach a witness).  Therefore,
the trial court could have reasonably discounted some or all of Friday=s testimony.








The
trial court observed the demeanor of the witnesses, made reasonable credibility
determinations, and resolved conflicting evidence.  We conclude that the
evidence was sufficient, when viewed in the light most favorable to the trial
court=s ruling, for the trial court to
reasonably find by a preponderance of the evidence that appellant violated the
terms of his deferred adjudication community supervision.  Thus, the trial
court did not abuse its discretion in finding the allegations true and
adjudicating appellant=s guilt.  We therefore overrule appellant=s sole issue and affirm the trial
court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed November 25, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).