T. M. PERSALL V. THE STATE.

No. 22432. Delivered March 17, 1943.

The opinion states the case.

*Walter G. Weaver*, of Donna, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of operation of a motor vehicle upon a public road in Hidalgo County after his driver's license had been suspended, and his punishment was assessed at confinement in the county jail for a period of three months.

The prosecution was based on Section 34 of Article II of Chapter 173, page 256, of the 47th Legislature and may also be found in the Revised Civil Statutes as Article 6687b. This article provides that upon conviction of the offense denounced by said section of said article the defendant shall be punished by a fine of not less than $25.00 and not more than $500.00, and, in addition thereto, there may be imposed a sentence of imprisonment not exceeding six months. It appears to us that the judgment assessing appellant's punishment at confinement in the county jail for a period of three months without the imposition of a fine was unauthorized. There may be a fine imposed without imprisonment, but there can not be an imprisonment without first assessing a fine. A fine is a necessary part of the punishment, without which the additional punishment can not legally be imposed. In support of what we have said we refer to the following authorities: Sager v. State, 11 Tex. Cr. App. 110; Johnson v. State, 18 Tex. Cr. App. 7.

478

For the error noticed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.