RICHARD L. DOTSON V. STATE

No. 33,055. March 8, 1961

Motion for Rehearing Overruled April 19, 1961

*James Campbell* and *W. E. Martin,* (on appeal only) Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Edward N. Shaw, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge

Appellant was charged by complaint and information with operating a motor vehicle upon a public highway while his operator's license was suspended. [Art. 6687b (34) V.A.C.S.]

The court received and entered as the verdict of the jury the following:

"We, the jury find the defendant guilty as charged and assess his punishment at $200.00 dollars fine. Mrs. Elbert Garrett —Foreman."

"We, the jury, find the defendant guilty as charged and assess his punishment at 60 days in jail. Mrs. Elbert Garrett —Foreman."

Judgment was rendered providing for the recovery of a fine of $200.00 and committing appellant to jail for a term of 60 days and until said fine and the costs were paid, from which judgment this appeal is prosecuted.

Appellant's attack upon the verdict is bottomed upon the contention that there are two verdicts, both of which assess a punishment applicable to the offense charged, and the court had no way of knowing what punishment the jury intended to assess.

Contrary to appellant's contention, a 60-day jail term without fine is not a punishment provided by law for violation of Sec. 34 of Art. 6687b V.A.C.S. Persall v. State, 145 Tex. Cr. R. 476, 169 S.W. 2d 488.

Said statute provides as punishment a fine of not less than $25 and not more than $500, "and, in addition thereto, there may be imposed a sentence of imprisonment not to exceed six (6) months."

The court's charge submitted the punishment provided by the statute and correctly construed the jury's findings as having assessed a jail term in addition to the fine.

If the intention of the jury can be arrived at by a fair interpretation of its written findings, then such interpretation should be given effect. Moneyhum v. State, 139 Tex. Cr. R. 322, 136 S.W. 2d 219; Winters v. State, 139 Tex. Cr. R. 328, 139 S.W. 2d 789.

The state offered the testimony of three officers of the Texas Department of Public Safety.

Inspector W. E. Carter and his fellow officer Glenn R. Reed testified without objection that they saw appellant driving a motor vehicle upon a public street in Harris County on July 20, 1960.

Joe Devorsky testified that he was hearing officer and deputy custodian of the driving records for the Department of Public Safety, and produced the original file of Richard Leroy Dotson.

The record was introduced and Officer Devorsky testified therefrom, the evidence showing that Operator's License No. 4488690 was issued to Richard Leroy Dotson in 1957 and was renewed on March 17, 1959 for a two year period; that such license was suspended for six months on April 15, 1960, because of a conviction for driving while intoxicated, and was in a state of suspension on July 20, 1960.

Signature of the licensee in the file and appellant's signature on his appearance bond were compared and Officer Devorsky testified, without objection, that in his opinion they were the same. The description of the licensee was read to the jury from the file and appellant's description was made a part of the record, for comparison.

Appellant, contending that his arrest was unlawful, objected "to the testimony by this officer of arresting this man." The court overruled this objection, but sustained the objection to anything appellant said while under arrest.

If there was error in the court's ruling on the legality of the arrest, the error was harmless, no evidence obtained as a result of the arrest having been admitted over objection.

On cross-examination Officer Carter was asked, and answered:

"Q. Now as a matter of truth and fact, he told you why he was driving? A. Told me why he was driving?

"Q. Yes, sir? A. Would you mind making it a little more clear?

"Q. He gave you his excuse, didn't he? A. Yes, sir, he gave me an excuse why he was driving."

On redirect examination the witness testified, without objection:

"Q. In response to the defense attorney's question you stated that the defendant did give you an excuse for the reason he was

driving and what was that excuse?  A.  That his lawyer told him he could drive back and forth to work.

"Q.  During the same conversation where this excuse came out state whether or not he told you in your questioning that his license was suspended for driving while intoxicated?  A.  Eventually he did, yes, sir."

We see no error in the admission of this evidence.

The judgment is affirmed.