**J. D. HARWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36901.

Court of Criminal Appeals of Texas.

April 22, 1964.

No attorney of record on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was charged by information in the County Court of Hunt County, Texas, as follows: "did then and there in said County and State, unlawfully and willfully injure a fence gate then and there situated in said County by lifting said gate off its hinges so as to prevent the use of said gate, said gate then and there being the property of Jim Arnold, injuring said gate without the consent of the said Jim Arnold, said gate being of the value of more than five dollars and less than the value of fifty dollars, against the peace and dignity of the state." The judgment reflects that trial was had before the Court without the aid of a jury upon a plea of guilty. The punishment assessed by the Court was ten (10) days in jail and costs.

No brief has been filed by the appellant, nor has one been filed by the State. There is no statement of facts. We have before us only the transcript which reflects no formal bills of exception.

■ In drafting the information in this cause the prosecutor evidently proceeded pursuant to the terms of Article 1352 Vernon's Ann.P.C. which is an article of the penal code prescribing punishment for breaking, pulling down or injuring the fence of another without his consent, or willfully and without the consent of the owner thereof open and leave open any gate leading into the enclosure of another * * *. This statute prescribes the following penalty: "[H]e shall be fined not less than ten nor more than one hundred dollars, and in addition thereto may be imprisoned in jail not exceeding one year." We observe that Article 1350 V.A.P.C. is the general statute prescribing a penalty for willfully injuring or destroying any property belonging to another, but this statute shall not be applicable when the law provides a particular punishment for the willful injury or destruction of a certain

type of property such as a fence. This article prescribes punishment based upon the value of the property destroyed or the extent of the injury inflicted; so the state evidently borrowed from this statute in making the allegation as to the value of the gate. This allegation as to value would, of course, be unnecessary in tracking the terms of Article 1352, supra, which it is apparent to us that the state did.

We observe that the judgment assessing appellant punishment at ten days confinement in jail without the imposition of a fine was unauthorized and calls for a reversal of the conviction. Pizzitola v. State, Tex.Cr.App., 372 S.W.2d 676; Persall v. State, 145 Tex.Cr.R. 476, 169 S.W.2d 488.

For the reasons stated the judgment is reversed and the cause remanded for another trial.