Allen Frances **STEWART**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 40911.

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

———◆———

Paul P. Regnier, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Charles E. Bonney, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for aggravated assault under the provisions of Article 1147(9), Vernon's Ann.P.C. At the trial at which appellant, a layman, attempted to represent himself, it appears there was no court reporter used, apparently because of the lack of a request therefor.

From an agreed statement of facts utilized by the parties and authorized by Article 40.09, Sec. 14, V.A.C.C.P., it appears that the State's only witness, appellant's wife of ten years, testified that he, for no apparent reason struck her once on the back of her head with part of a rake handle when she was in the yard of their home on November 9, 1966. She was not seriously injured and did not seek medical aid.

While certainly not grounds for a new trial, it is observed that on the hearing therefor appellant's wife requested the trial court to grant a new trial stating her husband needed hospitalization, not confinement in the county jail.

At the trial the court received and entered as the verdict of the jury the following:

"We, the Jury, find the defendant guilty as charged and assess his punishment at $500 dollars fine.
                    Ed J. Heinrich, Jr.
                    Foreman.

"We, the Jury, find the defendant guilty as charged and assess his punishment at 1 Yr. days in jail.
                    Ed J. Heinrich, Jr.
                    Foreman.

"We, the Jury, find the defendant guilty as charged and assess his punishment at a fine of $500 dollars and 1 Yr. days in jail.
                    Ed. J. Heinrich, Jr.
                    Foreman."

While the jury utilized three of the four possible verdict forms furnished them, it does not appear that the trial judge retired the jury in an effort to determine their true verdict.

Judgment was entered setting forth all three verdicts received but providing for the

recovery of a fine of $500.00 and committing appellant to jail for 1 year and until said fine and the costs were paid. It is from this judgment that this appeal is prosecuted.

Appellant's attack upon the verdict is bottomed upon the contention that there are three verdicts, each of which assesses a different punishment applicable to the offense charged, and that upon the entry of the judgment the court had no way of knowing which punishment the jury intended to assess. We agree.

The jury was charged in accordance with the provisions of Article 1148, V.A.P.C. That article provides as follows:

"The punishment for an aggravated assault or battery shall be a fine not less than Twenty-five Dollars ($25) nor more than One Thousand Dollars ($1,000), *or* imprisonment in jail not less than one (1) month nor more than two (2) years, *or* both such fine and imprisonment." (Emphasis Supplied)

The State cites and relies upon Dotson v. State, 171 Tex.Cr.R. 62, 344 S.W.2d 879. Dotson is distinguishable from the case at bar for one of the "verdicts" received in Dotson provided for a 60 day jail term without a fine which was not a punishment provided by law for a violation of Sec. 34 of Article 6687b, V.A.C.S. (operating a motor vehicle upon a public highway while operator's license suspended). In the case at bar all three of the verdicts received assess a punishment applicable to the offense charged. In arriving at our conclusion we are not unmindful of the rule that if the intention of the jury can be arrived at by a fair interpretation of their written findings, then such interpretation should be given effect.

In view of our disposition of this case, it is deemed unnecessary to discuss the other grounds of error assigned or the apparent uncertainty as to the length of confinement in jail contained in two of the verdicts.

For the error of the court in receiving three verdicts assessing different punishments, the judgment is reversed and the cause remanded.