Pablo·Rene **SALAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44406.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Boone Slusher, Roberto J. Yzaguirre, McAllen, for appellant.

Oscar B. McInnis, Dist. Atty., and Thomas P. Beery, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted for the offense of breaking and entering a coin-operated

machine with intent to commit theft.[1] Punishment was assessed by a jury at five years.

The sufficiency of the evidence is challenged.

On April 26, 1970, at approximately 4:30 A.M., Investigator R. A. Jeffreys and Patrolman Robert Tellez, of the McAllen Police Department, observed appellant standing two or three feet in front of a coin-operated machine, beneath the canopy of a Conoco Service Station located in that city. He had a tire tool in his hand. The service station was not open for business at that time. The officers stopped to investigate and found that someone had broken into the coke machine and had removed the automatic coin changers. One of the coin changers was lying near the coke machine and the other one was lying on a pile of sand beneath an automobile parked about thirty feet away which was occupied by two persons. Neither coin changer contained money when found.

When the officers approached the scene, appellant attempted to flee. Disregarding a warning by the officers not to run, appellant continued his flight and Officer Tellez apprehended him by shooting him with a shotgun loaded with birdshot. A subsequent search of one of the occupants of the automobile at the service station revealed that he had between two and three dollars in nickels, dimes and quarters in his pocket, together with some particles of sand.

The manager of the station testified that he had not given anyone permission to break and enter the coke machine.

■ The court charged the jury on the law of principals and on circumstantial evidence. The evidence is sufficient to support the jury's verdict. Miller v. State, Tex.Cr.App., 399 S.W.2d 347; Moutray v. State, Tex.Cr.App. 378 S.W.2d 339; Westfall v. State, Tex.Cr.App., 375 S.W.2d 911.

■ Appellant next complains that a fatal variance exists between the verdict and the indictment and that the verdict of the jury stated no offense known to Texas law.

The indictment charged that appellant did—

" . . . by fraud, and by force applied to a coin operated machine there situate, and under the control of Narciso Rodriguez, without the consent of Narciso Rodriguez, break and enter said coin operated machine with the purpose of committing the theft of money from said coin operated machine . . . "

The language of the indictment tracks the language of Article 1402a, Vernon's Ann.P.C. See also, Willson Criminal Forms Ann. 7th Ed., Paragraph 3486.

The jury's verdict reads: "We the Jury, find the Defendant, PABLO RENE SALAS, guilty of Burglary of a coin-operated machine as charged in the indictment."

Appellant contends that the jury verdict is fatally defective because the statutes do not provide for an offense known as "burglary of a coin-operated machine" and because the indictment charges appellant with breaking and entering a coin-operated machine, not with burglary of such machine.[2]

■ A jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. Stewart v. State, Tex.Cr.App., 422 S.W.2d 928; Hensley v. State, 153 Tex.Cr.R. 616, 224 S.W.2d 245; Burton v. Anderson, 1 Tex. 93. When the verdict refers to the indictment, the indictment must be read in conjunction with the charge in determining the jury's intent. Pennington v. State, Tex.Cr.App., 364 S.W.2d 376; Caballero v.

---

1. This is a companion case to Casarez v. State, 468 S.W.2d 412.

2. It should be noted that Article 1402a is an Article under Chapter Five V.A.P.C. entitled "Burglary".

State, 171 Tex.Cr.R. 133, 346 S.W.2d 343; McGee v. State, 39 Tex.Cr.R. 190, 45 S.W. 709.

In the instant case, the jury's verdict incorporates the indictment by reference. The indictment contains all the essential elements of the offense of breaking and entering a coin-operated machine with intent to commit theft. The only reasonable construction of the verdict is that the jury found appellant guilty of breaking and entering a coin-operated machine. See, 1 Branch's Ann.P.C.2d, Sec. 666; 57 Tex. Jur.2d, Trial—Sec. 407. We find the verdict to be sufficient.

Appellant's remaining grounds of error have not been briefed, and nothing is presented for our review. Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.