Jimmy Don BATTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 52240.

Court of Criminal Appeals of Texas.

April 6, 1977.

Rehearing Denied May 11, 1977.

Jimmy Phillips, Jr., Angelton, for appellant.

Ogden L. Bass, Dist. Atty., and A. B. Crowther, Jr., Asst. Dist. Atty., Angelton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the Class A misdemeanor of intentionally obstructing a peace officer from effecting an arrest. See V.T.C.A., Penal Code, § 38.03. The jury assessed punishment at $100 fine, and appellant was placed on probation for six months. See Article 42.13, Vernon's Ann.C.C.P.

At the outset we shall consider appellant's contention that the trial court erred in discharging the jury when there was a conflict in the verdict returned.

The record reflects that at the penalty stage of the trial the jury was charged on the penalty for a Class A misdemeanor, which includes the possibility of both jail time and a fine,[1] as well as on the law relating to misdemeanor probation. Verdict forms were also submitted. The forms were as follows:

The first form was as follows:

"We, the Jury, having heretofore found the Defendant guilty of resisting arrest, as charged in the information, now assess his punishment for said offense at _____.

_____
Foreman of the Jury"

The second form read:

"We, the Jury, further find that the Defendant has never before been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200.00 fine, and he has not been under probation in the preceding five (5) years, and we recommend to the Court that $____ of the fine, if any assessed and the confinement in jail, if any assessed against the Defendant in this case be probated.

_____
Foreman of the Jury"[2]

Faugh v. State, 481 S.W.2d 412 (Tex.Cr.App. 1972); Oliva v. State, 500 S.W.2d 144 (Tex.Cr.App.1973).

In Shappley v. State, 520 S.W.2d 766 (Tex.Cr.App.1974), which involved a felony probation case (Article 42.12, Vernon's Ann.C.C.P.), the court wrote:

"The issue is well settled in this Court that when the jury has recommended probation on a fine the court may not require that it be paid. Faugh v. State, 481 S.W.2d 412 (Tex.Cr.App.1972). Also, where the jury has recommended probation and the punishment assessed was imprisonment and a fine, the court must probate both. Johnson v. State, 473 S.W.2d 939 (Tex.Cr.App.1971)."

The Shappley decision quoted Castro v. State, 118 Tex.Cr.R. 53, 42 S.W.2d 779 (1931), with approval. There the trial court disregarded the recommendation of the jury that the sentence be suspended. On appeal this court held the action of the trial court violated the ". . . fundamental principle that the judge presiding over a trial has no right and no power to change a verdict rendered by the jury unless with their consent and before their discharge."

The concurring opinion in Faugh observed that the majority opinion and the opinion in Johnson had left the inference, without so holding, that if the jury knew what action the court

1. V.T.C.A., Penal Code, § 12.21, provides:
   "An individual adjudged guilty of a Class A misdemeanor shall be punished by:
   "(1) a fine not to exceed $2,000;
   "(2) confinement in jail for a term not to exceed one year; or
   "(3) both such fine and imprisonment."

2. We find no authority in Article 42.13, Vernon's Ann.C.C.P., to support the jury instruction given in this case with which the second verdict form above is in accord that the jury may recommend that only a portion of the fine, if any assessed, be probated. It may be that the trial court has drawn inferences from some recent cases.

   Under Article 42.13, § 5(b)(8), supra, the trial court has the authority to require payment of any part of the fine assessed as a condition of probation. No question as to this authority would normally arise where the case is tried before the court or where the jury has not recommended probation. In Johnson v. State, 473 S.W.2d 939 (Tex.Cr.App.1971), involving a misdemeanor driving while intoxicated case, it was held that the jury should not be instructed that they can grant probation as to any fine assessed when that part of their verdict will not be followed by the court exercising its authority to require the payment of all or a part of the fine as a condition of probation. See also

After the jury retired to deliberate, the jury sent the court a note inquiring: "Do we fill out both forms?" The State and appellant agreed that the court should answer:

"In order to grant probation it will be necessary to fill out both forms."

This the court did. Later another note was submitted to the court, asking:

"Do we have to give him a jail sentence and then have it probated to put him on probation?"

The jury was brought to the courtroom where the judge stated:

"I refer you again to the Court's Charge, which I have already given you. The punishment may be either by jail time or fine or both. You may probate any part of the fine or all of a fine.[3] In order to probate jail time, all must be probated.[4] Now, this is about as fully as I can answer your question. The matter of punishment is entirely up to you, and you may assess either jail time or a fine or both, or neither. It's solely in your discretion. Do you understand?"

Subsequently the jury returned a verdict assessing appellant's punishment at a $100 fine "and 0 days in jail," using the first verdict form submitted. In filling out the second form, the jury found the appellant had not been so previously convicted so as to disqualify him for probation and that he had not been on probation in the preceding five years. The form then provided: ". . . and we recommend to the Court that $*0000* of the fine, if any assessed and the confinement in jail, if any be assessed against the Defendant in this case be probated."

Appellant's counsel requested that the jury be polled. See Article 37.05, Vernon's Ann.C.C.P. The polling of the jurors went as follows:

"Q. Debra King . . . Was it your verdict that the Defendant not be granted probation in this case?

"A. No, we want him to have probation. That's why we signed the second page.

"Q. Mr. Bruce, was it your verdict that the Defendant not be granted probation in this case?

"A. Wanted him on probation.

"Q. Mr. Terrell, was it your verdict that the Defendant not be granted probation in this case?

"A. It was my intention to put him on probation.

"Q. Mr. Adams, was it your intention the Defendant not be granted probation in this case . . .

"A. For the Record, to grant him probation.

"Q. Mrs. Gwosdz, was your intention to grant the Defendant probation or not to grant the Defendant probation by your verdict?

"A. Granting of probation.

"Q. Mr. Bass, was your intention to grant the Defendant probation or not grant the Defendant probation by your verdict?

"A. Grant him probation of the jail sentence."

■ Thereafter appellant's counsel urged the court that the answers reflected the intention of the jury to grant probation and the jurors should be retired for further deliberations with appropriate instructions, or in the alternative a mistrial should be declared. The record then reflects:

**3.** See footnote # 2.

**4.** See *Lee v. State*, 516 S.W.2d 151 (Tex.Cr. App.1974), where it was held that where misdemeanor probation is granted the authority of the court insofar as confinement in jail is concerned is limited to the suspension of the entire term and not merely a part of it. See also *Coby v. State*, 518 S.W.2d 829 (Tex.Cr.App. 1975).

contemplated as to requirement of the payment of all or part of the fine as a condition of probation no error would be presented.

Apparently the trial judge in the instant case took the position that if the jury, under appropriate instructions, recommended that only a portion of the fine be probated that the balance of the fine could be required to be paid as a probationary condition under Article 42.13, supra, without violating the holdings of *Johnson* and *Faugh*.

"THE COURT: Mr. Bass, as Foreman of the Jury, as I read your verdict, it says that the punishment assessed is $100.00 and no days in jail?

"A. Yes, sir.

"THE COURT: Is that correct?

"A. Yes, sir.

"THE COURT: And you further recommend probation?

"A. Yes, sir, just the $100.00 fine.

"THE COURT: None of the time be probated?

"A. Yes, sir." [5]

Thereupon the court accepted the verdict and discharged the jury. He ordered that the appellant pay the $100 fine immediately and in addition be placed on probation for six months under certain probationary conditions.

■ The notes sent to the court by the jury indicated some confusion on their part as to the proceedings. The first note inquired if both verdict forms attached to the charge had to be utilized. The second note inquired if jail time was essential to the granting of probation, indicating that the issue of probation was being considered. The jury returned both verdict forms filled out. The first form assessed punishment at $100. The second form made findings necessary under Article 42.13, supra, for misdemeanor probation, but provided that "$0000 of the fine" be probated. If the jury had determined to deny probation, the second form of verdict need not have been utilized. The legal effect of the verdict forms on their face as returned would be to deny appellant probation. When polled, how-

ever, all of the jurors indicated they intended to place the appellant on probation.[6]

At this point the court should have retired the jury for further deliberations under appropriate instructions, Article 37.-05, supra; *Jones v. State*, 511 S.W.2d 514 (Tex.Cr.App.1974), or altered the second verdict form with consent of the jury. Article 37.10, Vernon's Ann.C.C.P.

The court instead interpreted the verdict and the jurors' answers to mean that the jury intended that the fine was to be paid and in addition the appellant was to be placed on probation. If this was the jurors' intention, it was beyond the jury's authority. This is so because if the fine is to be paid there remains no penalty to be probated.

■ We do not interpret Article 42.13, supra, to authorize a jury to impose a penalty for the crime charged and have that penalty exacted from the accused and then in addition require that he serve a probationary supervisory period when there is neither a fine nor jail time to be probated. If it were otherwise, a defendant could have exacted from him the fine, the only punishment assessed, and yet be subject to probationary conditions, a more severe penalty than authorized by law. If such misdemeanor probation is revoked, no further punishment could be imposed. Only a judgment and sentence requiring payment of the fine, already paid, could be entered.

We hold that where the only punishment assessed by the jury is to be exacted from the defendant the jury under Article 42.13, supra, may not in addition thereto cause the defendant to be subjected to probation.

5. Article 37.05, Vernon's Ann.C.C.P., provides: "The State or the defendant shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if the verdict is his. If all, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answer in the negative, the jury shall retire again to consider its verdict."
In the early case of *Bean v. State*, 17 Tex. App. 60 (1884), it was held that in polling a jury it was not intended that the jurors shall be

interrogated further than to ask each of them the direct question: "Is that your verdict?" If the juror answers in the affirmative, his answer is conclusive, and further inquiry is not permissible. See also *Shelburne v. State*, 111 Tex. Cr.R. 182, 11 S.W.2d 519 (1928). Cf. *Jones v. State*, 511 S.W.2d 514 (Tex.Cr.App.1974).

6. The foreman's answers were somewhat confusing as he once stated there was to be probation of the "jail sentence" which had not been assessed and later stated he recommended probation for "just the $100.00."

■■ In refusing to retire the jury for further deliberations and in accepting the verdict forms and requiring the fine to be paid and appellant to be placed on probation for six months, the court fell into error. Cf. *Smith v. State*, 479 S.W.2d 680 (Tex.Cr. App.1972). The punishment imposed was excessive and not authorized by law. The judgment is reversed and the cause remanded.[7]

DOUGLAS, Judge, dissenting.

The verdict returned by the jury is sufficient to show that a fine of $100 was assessed and none of it was to be probated. Apparently some of the jurors thought that he should have probation of a jail term, but no jail term was assessed. All that the jurors should have been asked under Article 37.05, V.A.C.C.P., was if the verdict returned was theirs.

The verdict is not ambiguous and the intention of the jury can be ascertained from it. The mental processes shown by the questioning of the jurors does not take away from the verdict. The reasoning and authority in Footnote 7 of the majority opinion are sufficient to show that the judgment based upon the $100 fine in the verdict should be affirmed.

ODOM, J., joins in this dissent.

---

**7.** The State argues that there is sufficient evidence to "reform the verdict" and provide for the assessment of the $100 alone. The appellant, in the alternative to his request for reversal, argues that the $100 fine should be probated. Verdicts must be certain and their meaning and construction must not be left in doubt nor to speculation. *Allen v. State*, 138 Tex. Cr.R. 303, 136 S.W.2d 232 (1940). Where the punishment assessed is neither definite nor certain, the same is void. *Rose v. State*, 499 S.W.2d 12 (Tex.Cr.App.1973); *Ex parte Frazier*, 164 Tex.Cr.R. 572, 301 S.W.2d 655 (1957), and cases there cited. It is true that if the intention of the jury can be reasonably ascertained then the verdict should be upheld. *Ainsworth v. State*, 517 S.W.2d 274 (Tex.Cr. App.1975); *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974); *Salas v. State*, 474 S.W.2d 228 (Tex.Cr.App.1971); *Stewart v. State*, 422 S.W.2d 928 (Tex.Cr.App.1968); *Dotson v. State*, 171 Tex.Cr.R. 62, 344 S.W.2d 879 (1961). In the instant case it is not possible from the record before us to reasonably ascertain the true intention of the jury. The State and the appellant are even in complete disagreement on the true intention of the jury.