`                                                                                     NO. 12-03-00297-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
COLIN W. McANDREW,                                  §                 APPEAL FROM THE
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOUSTON COUNTY, TEXAS
                                                                                                                                                      
MEMORANDUM OPINION
            A jury convicted Appellant Colin W. McAndrew of assault with bodily injury and assessed
his punishment at one year of confinement and a $4,000 fine, both of which were probated. 
Appellant raises five issues on appeal. We affirm.
 
Background
            Appellant went to the home of his ex-wife Krystal to pick up his children for visitation. After
the children came to Appellant’s car, Krystal came out and sent the children back into her house. 
Krystal and Appellant began to argue. Krystal’s husband James came out and joined the squabble,
which escalated and ended with the two men wrestling on the ground and James pinning Appellant. 
During the tussle, James’s nose was broken and both of his eyes blackened. James and Krystal
testified that the argument escalated when Appellant hit James in the nose. A daughter brought a
rifle, which Krystal aimed at Appellant, and ordered him off the property. Appellant left, but was
quickly arrested by Roy May, a Houston County Deputy Sheriff who had gone to the scene in
response to a report of an assault. Appellant testified that he never hit James. He testified that the
argument began when James came out of the house, got in his face, and started making comments. 
            The jury convicted Appellant of assault with bodily injury and assessed his punishment at
one year of confinement and a $4,000 fine, both of which were probated. This appeal followed.

Legal Sufficiency of the Evidence
            In his first issue, Appellant contends the evidence is legally insufficient to support the jury’s
finding of guilt. Specifically, Appellant contends that notes on the jury charge indicate a finding by
the jury of only “reckless” conduct and asserts that the evidence is insufficient to support a finding
of recklessness.
Standard of Review
            In reviewing a legal sufficiency question, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
The trier of fact, here the jury, is the exclusive judge of the credibility of witnesses and of the weight
to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). The jury
is entitled to draw reasonable inferences from the evidence. Benavides v. State, 763 S.W.2d 587,
588-89 (Tex. App.–Corpus Christi 1988, pet. ref’d). Likewise, reconciliation of conflicts in the
evidence is within the exclusive province of the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex.
Crim. App. 1986). 
Analysis
            A person commits assault who intentionally, knowingly, or recklessly causes bodily injury
to another. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2004-2005). Both Krystal and James
testified that Appellant hit James in the face, breaking his nose. This evidence is legally sufficient
to support the jury’s finding of guilt.
            Appellant contends that the various notations made on the jury charge beside the three
culpable mental states, a “no” written beside the “intentional” definition, a “no” written beside the
“knowingly” definition, and a “yes” written beside the “reckless” definition, as well other scribblings
and scratch-outs, suggest the jury’s positions on these facets of the charge before them. From these
markings, Appellant explains his perception of the jury’s mental processes in arriving at its verdict,
which he alleges is supported by legally insufficient evidence. Further, he assumes the jury found
that he was reckless in returning to Krystal’s home and bases his sufficiency argument on that
assumption.
            We first note that Appellant cites no authority for the proposition that our legal sufficiency
review should be based upon the jury’s notes on the jury charge rather than the jury’s decision as
reflected on the verdict form. An appellant’s brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h).
Because Appellant has not complied with the applicable rule, he has not presented the issue for our
review. See Tex. R. App. P. 38.1(h); Hankins v. State, 132 S.W.3d 380, 385 (Tex. Crim. App.), cert.
denied, 125 S. Ct. 358 (2004) (issue is inadequately briefed where appellant fails to present argument
or authority); Etheridge v. State, 903 S.W.2d 1, 5 (Tex. Crim. App. 1994) (arguments are waived if
inadequately briefed). 
            Moreover, assault by causing bodily injury is a result-oriented offense. Ford v. State, 38
S.W.3d 836, 844 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d). Therefore, the State must prove
that the accused engaged in the assaultive conduct with the requisite criminal intent and also caused
the result with the requisite criminal intent. Id. Consequently, the conduct at issue relates to
Appellant’s striking James, not driving into the driveway to get his children. See id. Thus,
Appellant’s legal sufficiency argument is based upon an erroneous assumption. 
            Finally, an appellate court cannot endeavor to surmise a jury’s intent from the jury’s notes. 
The jury’s decision is contained in its answers on the verdict form. See Thomas v. Oldham, 895
S.W.2d 352, 359-60 (Tex. 1995) (jury’s “handwritten notation was not the jury’s verdict; it merely
reflected the jury’s mental processes in arriving at their verdict. . . . The jury’s reasons for reaching
a particular verdict are irrelevant, at least in the absence of some overt act of misconduct.”); Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322, 328 (Tex. 1993) (jury marginal notations reflect
jury’s mental processes but are not part of verdict). An attempt to expand or shade the jury’s answers
on the verdict form is improper. Rather, a court’s interpretation of the jury’s notes on the verdict
form would equate to a special verdict, in violation of the Texas Code of Criminal Procedure, article
37.07, section 1(a). Zuniga v. State, 144 S.W.3d 477, 487 (Tex. Crim. App. 2004); see also Tex.
Code Crim. Proc. Ann. art. 37.07, § 1(a) (Vernon Supp. 2004-2005) (verdict in every criminal
action must be general).
            Appellant’s first issue is overruled.
Factual Sufficiency of The Evidence
            In his second issue, Appellant contends the evidence is factually insufficient to support his
conviction. We initially note that Appellant cited no authorities in support of his factual sufficiency
argument. Thus, it is inadequately briefed and not preserved for review. See Tex. R. App. P. 38.1(h);
Hankins, 132 S.W.3d at 385; Etheridge, 903 S.W.2d at 5. However, in the interest of justice, we
will address the issue. 
Standard of Review
            When reviewing the factual sufficiency of the evidence, we review all of the evidence, but
not in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997). We must determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable doubt. Zuniga, 144
S.W.3d at 484. Evidence is factually insufficient when evidence supporting the verdict, considered
by itself, is too weak to support the finding of guilty beyond a reasonable doubt. Id. Evidence is also
factually insufficient when contrary evidence is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Id. at 484–85. The jury is the sole judge of the weight and
credibility of witness testimony. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).
Analysis
            Applying these guidelines in determining the factual sufficiency of the evidence, we consider
all the evidence adduced at trial. The evidence in support of the conviction includes testimony from
Krystal and James about the altercation and testimony that Appellant hit James in the nose. Contrary
evidence includes Appellant’s testimony that he did not hit James and that any injury to James’s nose
must have occurred when James had Appellant pinned on the ground and Appellant was pushing
upwards into James’s face, trying to try to get James off Appellant.
               In making our determination of the weight of the evidence, both for and against the verdict, 
we cannot say that the evidence supporting the verdict, considered by itself, is too weak to support
the finding of guilt beyond a reasonable doubt. Nor can we conclude that the contrary evidence is
so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Moreover,
the jury heard both the State’s evidence and witnesses and Appellant’s cross-examination of those
witnesses. The jury saw the demeanor of the witnesses and evaluated those witnesses’ credibility.
The jury chose to believe the State’s witnesses. Therefore, we hold that the evidence was factually
sufficient for the jury to find Appellant guilty as charged. See Wesbrook, 29 S.W.3d at 112
(appellate court’s factual sufficiency review should be appropriately deferential to avoid substituting
its own judgment for that of the factfinder). Appellant’s second issue is overruled.
 
Failure of Court to Accept Jury Verdict
            Appellant contends, in his third issue, that the trial court erred in “refusing to accept” the
jury’s verdict in the punishment stage of the trial. 
            The jury’s original verdict on punishment was a zero fine and zero days in jail, probated. 
Upon receipt of this verdict, the State objected that a zero sentence could not be probated. Appellant
urged the trial court to enter the jury’s verdict. The trial court, after hearing argument by counsel,
explained to the jury as follows: “If it is your intention to assess zero time in jail and a zero fine, that
cannot be probated. You have to assess a time in jail or a fine in order for it to be probated . . . . if
you’re going to be on probation there must be some time period that is probated.” Appellant
contends that this instruction was incorrect. However, the court of criminal appeals has previously
decided the issue to the contrary. See Batten v. State, 549 S.W.2d 718 (Tex. Crim. App. 1977).
            In Batten, the jury sentenced the appellant to no days in jail and a one hundred dollar fine,
but recommended probation. In reversing and remanding for further proceedings, the court reasoned
that the jury had reached an improper verdict because the code of criminal procedure did not
“authorize a jury to impose a penalty for the crime charged and have that penalty exacted from the
accused and then in addition require that he serve a probation supervisory period when there is
neither a fine nor jail time to be probated.” Id. at 721. 
            Appellant concedes that “if the jury returns a verdict which on its face complies with Texas
law, then the judge must accept the verdict . . . .” However, the jury’s initial verdict did not comply
with Texas law. Therefore, the trial court properly sent the jury out for further deliberations on
punishment. See id. Appellant’s third issue is overruled.
 
Perjured Testimony and Other Allegations of Misconduct by the State
            In his fourth issue, Appellant contends the State “knowingly use[d] perjured testimony.” 
Subsumed under Appellant’s discussion of this issue are further allegations against the State,
including tampering with witnesses, official oppression, abuse of office by the county attorney, and
attempting to conceal evidence of perjury. 
Perjury
            A person commits perjury if the person, with intent to deceive and with knowledge of the
statement’s meaning, makes a false statement under oath or swears to the truth of a false statement
previously made and the statement is required to authorized by law to be made under oath. Tex. Pen.
Code Ann. § 37.02(a)(1) (Vernon 2003). A person who commits perjury also commits aggravated
perjury if the false statement is made during or in connection with an official proceeding and is
material. Id. § 37.03(a). A statement is “material” if it could have affected the course or outcome
of the official proceeding. Id. § 37.04(a).
            Appellant’s perjury allegations relate, in part, to inconsistencies between the initial police
report, the State’s opening and closing argument at trial, and the testimonies of the arresting officer,
Krystal, and James. Appellant also maintains that the arresting officer gave perjured testimony about
how quickly he reached Krystal’s residence after receiving the report of the assault.
            Although Appellant refers to penal code section 37.03, his argument consists of mere
conclusory statements that the complained-of testimony constituted aggravated perjury. Appellant
makes no attempt to relate the elements of the alleged offense to the testimony he challenges or to
show how the testimony could have affected the outcome of the trial and, thus, was material. See
Tex. R. App. P. 38.1(h). Further, Appellant does not provide references to the record as required by
the rules of appellate procedure. See id.; Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App.
1992) (appellant’s complaint inadequately briefed where record references not included in argument
as required by rules of appellate procedure). Failure to specifically argue and analyze one’s position
or provide authorities and record citations waives the issue on appeal. Hankins, 132 S.W.3d at 385;
Narvaiz, 840 S.W.2d at 429 (right to appellate review extends only to complaints made in accordance
with published appellate rules); Lockett v. State, 16 S.W.3d 504, 505 n.2 (Tex. App.–Houston [1st
Dist.] 2000, pet. ref’d) (conclusory statements supported by neither argument nor authority present
nothing for review). 
            Nonetheless, in the interest of justice, we have carefully reviewed the record in light of
Appellant’s allegations. The record reveals that the charges against Appellant arose from a heated
confrontation between Appellant, his ex-wife, and her husband James that escalated into a fight
between Appellant and James. The inconsistencies upon which Appellant relies illustrate the
difference in recollections that may occur after such an incident and are insufficient to undermine the
jury’s verdict. We are unable to discern from the record that any of the discrepancies Appellant
points out were the result of an improper motive by any witness. Thus, the record does not support
Appellant’s perjury argument. Consequently, the record does not support Appellant’s contention that
the State knowingly used perjured testimony. 
Tampering With Witnesses, Official Oppression, and Abuse of Office by County Attorney
            Appellant further alleges that the County Attorney tampered with the witnesses and
committed official oppression and abuse of office by writing a letter to each of the six jurors,
advising them that they did not have to speak to Appellant after the trial. Appellant also contends
that the County Attorney’s action in writing the letter to the jurors, which Appellant admits was
“perfectly legal,” “constitutes a proactive attempt to coerce witnesses, or potential witnesses, to
withhold information.” Therefore, Appellant concludes, the County Attorney violated his right to
due process under the Fourteenth Amendment to the United States Constitution.  
            Appellant’s argument relating to these allegations is conclusory and unsupported by authority. 
Thus, it is inadequately briefed and not preserved for review. See Hankins, 132 S.W.3d at 385;
Lockett, 16 S.W.3d at 505 n.2. 
Attempt to Conceal Evidence of Perjury
            Appellant further contends that the County Attorney’s lawsuit against the Texas Attorney
General to prohibit the release of the 911 tape was “an attempt to conceal evidence of perjury from
Appellant and obstruct his Right of Appeal.” Appellant’s argument is wholly conclusory . Appellant
cites no relevant case law in support of his argument. Failing to do so, Appellant’s argument on this
issue is inadequately briefed and not preserved for review. See Hankins, 132 S.W.3d at 385;
Lockett, 16 S.W.3d at 505 n.2. 
            Having failed to establish misconduct by the State or its witnesses as alleged in his brief,
Appellant’s fourth issue is overruled.
Ineffective Assistance of Counsel
            In his fifth issue, Appellant contends his trial counsel was ineffective in violation of his Sixth
Amendment rights. Appellant subsumes ten allegations of ineffective assistance of counsel against
his trial attorney under this issue.
Standard for Effective Assistance of Counsel
            The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see
also McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App. 1996). To establish that counsel’s
representation was so inadequate as to violate a defendant’s Sixth Amendment right to counsel, an
appellant must first show that counsel’s performance was deficient. Strickland, 466 U.S. at 687-88,
104 S. Ct. at 2064; McFarland, 928 S.W.2d at 500. In order to satisfy this prong, an appellant must
demonstrate that counsel’s performance fell below an objective standard of reasonableness, as judged
on the facts of a particular case and viewed at the time of counsel’s conduct. Strickland, 466 U.S.
at 688-90, 104 S. Ct. at 2064-66. Further, counsel is presumed to have rendered adequate assistance
and made all significant decisions in the exercise of reasonable professional judgment. McFarland,
928 S.W.2d at 500. Second, assuming an appellant has demonstrated deficient assistance, he must
also affirmatively prove prejudice. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; McFarland, 928
S.W.2d at 500. “It is not enough for the appellant to show that the errors had some conceivable effect
on the outcome of the proceeding.” Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. Rather, an
appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different. Id., 466 U.S. at 694, 104 S. Ct. at 2068;
McFarland, 928 S.W.2d at 500. “A reasonable probability is a probability sufficient to undermine
confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; McFarland v. State,
845 S.W.2d 824, 842-43 (Tex. Crim. App. 1992). “Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id.
            An appellant has a difficult burden in proving ineffective assistance of counsel. As the court
of criminal appeals explained in Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999),
 
[a] substantial risk of failure accompanies an appellant’s claim of ineffective assistance on direct
appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing a fair evaluation of the merits of the claim involving such
a serious allegation. In the majority of instances, the record on direct appeal is simply undeveloped
and cannot adequately reflect the failings of trial counsel.
 
Id. at 813-14 (citations omitted). Thus, to successfully demonstrate counsel’s ineffectiveness, an
appellant must present evidence, usually through a motion for new trial or a habeas corpus
proceeding, illustrating trial counsel’s strategy. Id.; Kemp v. State, 892 S.W.2d 112, 115 (Tex.
App.–Houston [1st Dist.] 1994, pet. ref’d).
Analysis
            In the instant case, Appellant’s brief includes ten allegations of ineffective assistance. 
Specifically, he complains that his counsel (1) failed to impeach Krystal and James with their prior
statements to the police; (2) “wrongly twice objected” and made an oral motion to suppress any
testimony regarding Appellant’s not talking to the arresting officer, which called this fact to the
jury’s attention; (3) “acted against Appellant,” which seems to be an allegation that his counsel was
ineffective for not “correcting the damage [resulting from the oral motion to suppress] through
questioning”; (4) failed to challenge one of the arresting officer’s answers as a “failure to remember”;
(5), (6) failed to object to the State’s improper jury argument; (7) failed to object to the prosecutor’s
characterization of James’s injury because she was not an expert; (8), (9) failure to request an
instruction on a lesser included offense and on “mutual combat”; and (10) failure to “gain admittal”
of Krystal’s prior record. 
            Appellant filed a motion for new trial alleging ineffective assistance of counsel. However,
he did not call counsel as a witness nor did he provide an affidavit from counsel explaining his
action. Therefore, we have no evidence from counsel’s perspective concerning why he acted as he
did. When the record is silent about counsel’s reasons for choosing a particular course of action,
finding counsel ineffective would call for speculation by the appellate court. Stults v. State, 23
S.W.3d 198, 208 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d). We will not engage in such
speculation. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In the absence of
a record identifying what trial counsel’s reasons may have been for pursuing the chosen course, we
must presume the actions were taken deliberately as part of sound trial strategy. McFarland, 928
S.W.2d at 500; Stults, 23 S.W.3d at 209. Because we are unable to conclude that counsel’s
performance fell below an objective standard, Appellant has failed to satisfy the first prong of
Strickland. Therefore, we need not address the second prong. Appellant’s fifth issue is overruled.Disposition
The judgment of the trial court is affirmed.
                                                                                      SAM GRIFFITH
                                                                                                         Justice
Opinion delivered March 23, 2005.
Panel consisted of Worthen, C. J., Griffith, J. and DeVasto, J. 
 
 
 
 
(DO NOT PUBLISH)